No. 12824

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STEVEN G. ELLINGSON,

Claimant and Respondent,

-vs-

CRICK COMPANY, Employer,

and

ARGONAUT NORTHWEST INSURANCE COMPANY,

Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
Hon. Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Harris, Jackson and Utick, Helena, Montana
Andrew J. Utick argued, Helena, Montana

For Respondent:

Harrison, Loendorf and Poston, Helena, Montana
Jerome T. Loendorf argued, Helena, Montana

---

Submitted: January 15, 1975

Decided: APR 10 1975

Filed: APR 10 1975

Thomas J. Kearney
Clerk

Mr. Justice Haswell delivered the Opinion of the Court.

This is an appeal from the order of the district court, Powell County, affirming an award of workmen's compensation benefits to claimant, Steven G. Ellingson. The facts giving rise to the claim are not disputed.

On June 7, 1972, claimant was injured in a two vehicle accident on U.S. Highway 12, near Avon, Montana. At the time of the accident, he was enroute to his place of employment in his private vehicle. His employer Crick Company was then engaged in a highway construction project just west of Garrison, Montana. Claimant was living in Helena and commuted the forty-five miles every day.

The parties stipulated that claimant was not a union member, but was working under the terms of the 1971-1974 Heavy Highway Construction Agreement between the Montana Contractors' Association, Inc. and the Laborers' International Union of North America. Consistent with the terms of that agreement, claimant was paid five dollars per day as "travel allowance". The amount of the allowance was determined by a contractual schedule computed on the basis of mileage between the center of the job site and the nearest county courthouse. The amount thus computed was paid to all employees, independently of the mileage actually traveled by any particular employee.

It is clear this allowance was not intended to be compensation for the time spent in travel. Not only was it computed without consideration of time and distance actually inolved in each employee's case, but the contract clearly provided:

> "Employees shall travel to and from their daily initial reporting place on their own time and by means of their own transportation."(Emphasis supplied).

All these facts were before the hearing examiner of the Workmen's Compensation Division when he entered findings of fact and conclusions of law favoring claimant. The decision was appealed to the district court of Powell County on the record of the earlier hearing, without the introduction of additional evidence. The district court adopted all of the findings of fact and conclusions of law entered by the Division's hearing examiner. That judgment is now appealed, alleging that the district court erred in allowing the claim.

Before discussing the single issue raised, we note that the decisions of the hearing examiner and the district court were made prior to our decision in McMillen v. McKee & Co., ____Mont._____, ____P.2d _____, 32 St. Rep. 319. As recognized by the parties in their arguments before this Court, the McMillen decision is pertinent to this appeal, although the question remains whether it is controlling under the slightly different factual situation here.

In McMillen and the instant case, claimants were injured in traffic accidents while enroute to their jobs. Claimants in both cases were receiving an allowance for travel under the terms of a union contract. In both cases, we are called upon to determine whether the injuries sustained arose "out of and in the course of" the claimants' employment. Section 92-614, R.C.M. 1947.

In McMillen the Court adopted the general rule that:

"* * * a workman is usually entitled to compensation when injured during travel to or from his employment where he receives a specific allowance to get to and from his job."

Appellant would have us either distinguish or overrule McMillen here. The argument advanced for distinguishing this case from McMillen is the acknowledged differences in the contractual methods of computing the respective travel allowances. In McMillen, the computation was predicated upon the miles actually traveled by the individual employee, while here it is based on the distance

from the job site to the nearest county courthouse. The disparity results in McMillen employees receiving varying amounts of compensation depending on the distance traveled, while the employees here all received a uniform amount.

We cannot see where that distinction varies the applicability of the test enunciated in McMillen . The fact that the travel allowance here was based on a distance other than mileage between residence and job site is not important. The union contract singled out transportation as the subject of a specific allowance. When transportation is thus singled out in the employment contract, the travel to and from work is brought within the course of employment. Injuries sustained enroute are therefore compensable. McMillen, supra; 1 Larsen, Workmen's Compensation Law, § 16.30.

Although McMillen was expressly limited to the facts therein presented, the facts presented here are so similar as to mandate a similar result. No new arguments were advanced which would require a reconsideration of our position in McMillen, neither as to its facts nor the legal theories there involved.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____

_____
Justices.

- 4 -

Mr. Justice Wesley Castles dissenting:

I dissent as I did in <u>McMillen</u>, relied on here in the majority opinion.

-------------------------------------------
Justice


-----------------------------


Chief Justice James T. Harrison took no part in this Opinion.