No. 84-518

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

MAXIMO CORREA,

        Claimant and Appellant,

    -vs-

REXROAT TILE,  Employer,

    and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

_____

APPEAL FROM:   Workers' Compensation Court, The Honorable Timothy
               Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Utick, Grosfield & Uda; Norman H. Grosfield, Helena,
        Montana

    For Respondent:

        Luxan & Murfitt; Michael McCarter, Helena, Montana

_____

                    Submitted on Briefs:  April 18, 1985

                              Decided:  July 23, 1985

Filed:  JUL 2   1985


*Ethel M. Harrison*
_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the Workers' Compensation Court of the State of Montana. Appellant Maximo Correa ("appellant") sought benefits as a result of a January 13, 1983 accident in Gallatin County. Benefits were denied and this appeal followed.

Appellant began work as a tile setter's helper for Rexroat Tile in November of 1982. In January of 1983 Rexroat began a project at the University Student Union in Bozeman. Appellant, who resides in Helena, lived in a motel in Bozeman during the week and returned to Helena on the weekends. Rexroat reimbursed appellant for the motel as well as for gas for the trips to Helena. Appellant was to remain in Bozeman during the work week, unless a midweek trip to Helena was required to pick up materials.

On Wednesday, January 12, 1983, appellant and his brother (who was also employed on the project) worked until early evening. After a stop at the motel they settled in a bar until nearly midnight at which point appellant told his brother that he was going to drive to Helena to see his wife. Appellant's next recollection was waking in the intensive care unit of Bozeman Deaconess Hospital. He was charged with DUI. Appellant was expected at work at eight o'clock on the morning following the accident.

On September 21, 1983, appellant filed a Workers' Compensation claim in which he contends he was injured on January 13, 1983, in connection with his employment with Rexroat Tile. The State Compensation Insurance Fund ("respondent") denied liability and a trial was held on May 24, 1984, before the Workers' Compensation Court. In a

2

ruling dated October 25, 1984, the appellant was denied benefits and medical costs, the court holding that the January 13, 1983, accident was not within the scope of his employment.

The following issues are raised for review:

(1) Whether, because appellant was receiving a travel and subsistence allowance, his injury arose out of and in the course of his employment, and was thus compensable under the Workers' Compensation Act?

(2) Whether appellant was in a "travel status" at the time of his injury, making such injury compensable under the Workers' Compensation Act?

(3) Whether appellant suffered a type of idiopathic fall which arose out of and in the course of his employment, and is thus compensable under the Workers' Compensation Act?

Appellant's arguments can be easily disposed of. Section 39-71-407, MCA, provides:

> "Every insurer is liable for the payment of compensation, in the manner and to the extent hereinafter provided, to an employee of an employer it insures who receives an injury arising out of and in the course of his employment or, in the case of his death from such injury, to his beneficiaries, if any." (Emphasis added.)

It is the general rule in Montana that travel by an employee to and from work is outside the course of his employment. Gordon v. Smith Construction Co. (1980), 188 Mont. 166, 612 P.2d 668. The well-established exception to this rule is that when an employee is given a specific allowance to travel to and from the job, such travel is considered within the course and scope of employment. Gordon, supra; Ellingson v. Circle Co. (1975), 166 Mont. 431, 533 P.2d 1100; McMillen v. Miller & Co. (1975), 166 Mont. 400, 533 P.2d 1095. In

3

McMillen and Ellingson, claimants were injured in automobile accidents while enroute to their jobs. In both cases they were receiving a travel allowance from their employers. This Court found that their injuries were incurred while in the course of employment and were compensable. In Gordon the facts are similar. John Gordon received a subsistence allowance for working at a job site more than fifty-four miles from Great Falls. Gordon's temporary residence was in Lewistown from which he commuted to the jobsite twenty-four miles northeast of Denton. On May 1, 1978, Gordon got off work and drove to the Denton Bar. He stayed there for several hours and left with friends at 10:00 that evening. Two miles west of Denton, travelling toward Stanford and away from Lewistown, Gordon was killed in an automobile accident. This Court ruled that Gordon was being compensated for travel to and from work and that his death was compensable. The fact that Gordon was travelling away from his place of temporary residence was found irrelevant because Gordon often stayed with fellow employees in Stanford rather than returning each night to Lewistown.

Appellant argues that the above cases are authority for holding that his injury is compensable. He claims that since he received a travel allowance and was injured in his car he was within the course of his employment. This argument is totally unpersuasive. The rule this Court has clearly established is that an employee injury suffered while travelling to and from work is compensable under Montana law if the employee is receiving a specific allowance for such travel. In this case the appellant was working under an agreement whereby he would be compensated for weekend trips from Bozeman to his home in Helena. He was expected to stay

4

in Bozeman during the week. At midnight on a Wednesday appellant set off in an extremely intoxicated condition to drive from Bozeman to Helena. He was expected at work in Bozeman at 8:00 o'clock Thursday morning. The injury suffered by appellant was not, in any manner contemplated by this Court or by common sense, suffered while he was travelling to and from work. Even if by some heavy exercise of the imagination we could interpret appellant's travels as being to and from work, he did not receive a specific allowance for such mid-week travel. In Hagerman v. Galen State Hospital (1977), 174 Mont. 249, 570 P.2d 893, an employee of Galen State Hospital was injured while travelling to work. The only provision in the employee's contract for travel pay was for emergency call outs. No such emergency was involved and this Court held the injury not compensable. Clearly, if the employee had been travelling on an emergency call out her injury would have been compensable. Similarly, in our case, if appellant had been injured on a weekend trip to or from his home in Helena, such injury would be compensable. But these are not our facts.

Appellant also argues that "[a]n additional and distinct exception to the 'going to and from work' rule under workers' compensation law involves employees who are in a 'travel status.'" Appellant is correct that there is a "travel status" exception to the general rule that denies compensation for injuries sustained while going to and from work. This exception applies where an employee is required to travel away from home on his employer's business. The exception is given most succinct expression in Steffes v. 93 Leasing Co., Inc. (1978), 177 Mont. 83, 580 P.2d 450 wherein it is stated that employee injuries are compensable when they

are sustained while travelling for the special benefit of the employer. "The underlying principle of this exception is that in cases where some reasonably immediate service to the employer can be discerned, the claim should be sustained; where there is no reasonably immediate service, the claim should be denied." Steffes, 177 Mont. at 87, 580 P.2d at 453. In the present case we do not see any special benefit or reasonably immediate service to Rexroat Tile whatsoever in appellant's midnight travels. Appellant makes the argument, with citations to other jurisdictions, that employees working away from home should be considered in a "travel status" on a 24-hour, around the clock basis, regardless of the nature of their activity. If such is the law elsewhere we refuse to adopt it here.

Finally, appellant would have this Court consider his accident a "type of idiopathic fall," compensable under workers' compensation law. We note first of all that an employee injury, whether arising out of a condition personal to the claimant (idiopathic) or not, must occur in the course of employment or in a "travel status" in order to be compensable. Since we hold that appellant was not in a "travel status" and was not in the course of employment, his injury, idiopathic or otherwise, is not compensable.

Second, appellant's imprecise, we might say Orwellian use of language deserves comment. Appellant was not injured in any type of a fall--he was injured in an automobile accident. Both cases cited by appellant, Franquet v. Imperial Management Corp. (Md. 1975), 341 A.2d 881 and Indian Leasing Co. v. Turbyfill (Ky. 1978), 577 S.W.2d 24, involve injuries received from falls on the job. Further in Franquet the Maryland court cites to no less than a dozen cases, all

6

of which involve injuries sustained by workmen falling while on the job. If there is case law in this country which makes an analogy between the kind of injury incurred by appellant and an idiopathic fall the appellant has failed to point it out. Appellant writes: "If the Claimant had been on the job at the student union project at Bozeman and had suffered a blackout as a result of alcohol consumption, resulting in injuries, he would have certainly been entitled to workers' compensation benefits under the idiopathic fall rule." Whether or not such an injury would be compensable, it clearly would be the result of a fall. But once again, these are not our facts.

The judgment of the Workers' Compensation Court is affirmed.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_L. C. Gulbrandson_

_William E. Hunt_

Justices

7

Mr. Justice Frank B. Morrison, Jr. concurs as follows:

I concur in the result although not in the tenor of the opinion which seems to treat appellant's position as frivilous. In light of our holding in Gordon v. Smith Construction Co. (1980), 188 Mont. 166, 612 P.2d 668 this is a close case. Gordon can be distinguished because of evidence of Gordon's "temporary home" in Stanford to which he was traveling at the time of his accident.

I agree to affirm.

Justice