No. 86-151

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

ARLENE GULBRAA,

          Claimant and Appellant,

    -vs-

ALCO ENERGY PRODUCTS, Employer,

    and

THE HARTFORD INSURANCE COMPANY,

        Defendant and Respondent.

---

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nye & Meyer; Jerrold L. Nye argued, Billings,
        Montana

    For Respondent:

        Alexander & Baucus; J. David Slovak argued, Great
        Falls, Montana

---

Submitted: December 2, 1986

Decided: February 3, 1987

Filed: FEB 3 - 1987

*Ethel M. Harrison*

—————————————————————
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Arlene Gulbraa appeals a Workers' Compensation Court decision that she had not suffered a compensable injury under the Montana Workers' Compensation Act. The issue on appeal is whether there is substantial credible evidence to support the lower court's decision. We affirm.

Gulbraa was employed by Alco Energy Products in Billings, Montana from April 1983 to May 1985, as a telephone solicitor. Her job was to contact potential customers, deliver a sales "pitch" and hopefully arrange for a personal appointment by a company sales representative. When such an appointment was arranged, it was designated a "lead." In April 1985, after being passed over for a promotion, Gulbraa suspected that the leads she had collected were not being acted upon by the company. After meeting with her supervisor on May 13, 1985, Gulbraa was terminated from her position at Alco. Since approximately 1971, Gulbraa has been treated by Dr. Rich, a Billings psychiatrist, for depression and related problems. Gulbraa's depression required frequent hospitalization between 1972 and 1975 before finally stabilizing. While working for Alco, Gulbraa saw Dr. Rich a total of three times--once for anxiety associated with scheduled foot surgery and two other times for routine check-ups. Nine days after her termination, Gulbraa saw Dr. Rich and expressed concern about losing her job rather than the working conditions of the job.

Gulbraa was hired by Sears as a telephone solicitor four days after being fired by Alco but quit approximately one month later because of problems with her depression. She then worked two weeks for Meadowlark Agency in a similar capacity before she and the owner agreed that the employment

2

would have to end because of her depression. Gulbraa was hospitalized the last week of June 1985, and again for several days in July 1985, because of her depressed condition. As of October 1985, Dr. Rich found Gulbraa incapable of working for at least three months, and at the time of trial Gulbraa was still unable to return to work.

The Workers' Compensation Judge concluded that Gulbraa had not suffered a compensable injury under the Montana Workers' Compensation Act and was not entitled to compensation or medical benefits.

The standard of review of workers' compensation cases is whether substantial, credible evidence supports the Workers' Compensation Court decision. Courser v. Darby School Dist. No. 1 (Mont. 1984), 692 P.2d 417, 419, 41 St.Rep. 2283, 2285. Section 39-71-119, MCA, reads in relevant part:

> "Injury" or "injured" means:
>
> (1) a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm and such physical condition as a result therefrom and excluding disease not traceable to injury . . .

The Workers' Compensation Act is to be liberally construed in favor of the claimant. See § 39-71-104, MCA. But this liberal construction does not allow us to disregard clear statutory provisions or to use it to the point of repealing or abrogating a statute. Wassberg v. Anaconda Copper Co., (Mont. 1985), 697 P.2d 909, 913, 42 St.Rep. 388, 392.

Section 39-71-119, MCA, clearly requires proof of physical harm, either external or internal, stemming from an incident at the workplace. The burden of proof is on the

3

claimant. Aho v. Burkland Studs (1969), 153 Mont. 1, 452, P.2d 415.

In the recent case of Tocco v. City of Great Falls (Mont. 1986), 714 P.2d 160, 43 St.Rep. 310, job-related physical and emotional stress which aggravated a preexisting physical ailment qualified the claimant for workers' compensation. Claimant in Tocco was suffering from arteriosclerosis and hypertension when he began part-time work for the City of Great Falls. Claimant was assigned a difficult sanitation route one day and knew the City was going to add several full-time positions in the near future. Claimant suffered a fatal heart attack attempting to lift a box into the garbage truck. The treating physician testified that claimant's job-related emotional and physical stress may have played a very direct role in his sudden death by aggravating his preexisting ailments of arteriosclerosis and hypertension. This Court affirmed the Workers' Compensation Court's decision to award benefits, stating that the medical testimony "provided the final link between [claimant's] preexisting conditions, his physical and emotional injuries, and his sudden death." Tocco, 714 P.2d at 165.

Therefore when it is medically proven that a work-related incident may have aggravated a preexisting physical ailment of the claimant, a compensable injury has been established.

In this case, Gulbraa suffered serious bouts of depression from 1971-75 requiring frequent hospitalization. During her employment with Alco, as previously stated, Gulbraa saw Dr. Rich for reasons unrelated to the working conditions at Alco. In his deposition Dr. Rich stated that Gulbraa's depression problems were partly biological in origin but that a particular percentage could not be estimated with any degree of medical certainty.

4

> THE DEPONENT: To put it into my words, I believe that there is a component of her depression that is definitely physically based, meaning a biochemical sort of thing, needing medications. What percentage of that as opposed to what percentage is psychological, I don't know.

Regardless of whether Gulbraa's depression qualified as a preexisting physical ailment, it is important to note that the aggravation or reemergence of Gulbraa's depression did not occur, according to Dr. Rich, until May 22, 1985, nine days after Gulbraa had been fired.

> Q Is it fair to say that her most recent acute exacerbation would have occurred shortly before or during the visit of May 22nd of 1985?
>
> A Strictly speaking, I guess that would be the beginning of the exacerbation.
>
> Q Prior to the May 22, 1985, occurrence, there was a relatively stable period of time, correct?
>
> A Yes.
>
> . . .
>
> Q When she did express any concern about her employment with Alco, it was on May 22nd of 1985 after she had been terminated for some period of time; is that correct?
>
> A Let's see. That's the first time I made a note regarding the employment.

Dr. Rich further mentioned that Gulbraa appeared to be happy in her job at Alco.

> Q And reviewing your note, it would appear that her concerns focused on the actual termination from employment as opposed to the employment itself?

5

A   That's correct.

Now, regarding my answer to the previous question, in February of '85, I did indicate here that she was working for Alco Energy Products. Next line I said she's maintaining very well. And I didn't make notes about the work, but I think my earlier answer still holds. <u>I have a recollection that she seemed to be happy in that job.</u>   (Emphasis added.)

We believe Gulbraa has failed to meet the test of § 39-71-119, MCA, because she did not prove a physical harm stemming from an incident at the workplace. Even assuming that Dr. Rich's opinion as to the physical origins of Gulbraa's depression is correct, it was not proven that the Alco job aggravated the depression. In fact, just the opposite was shown, that the aggravation of Gulbraa's depression occurred after she was fired by Alco.

We conclude that there is substantial, credible evidence to support the decision of the Workers' Compensation Court.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

6

Justices