GRIFFIN, APPELLANT, v. INDUSTRIAL ACCIDENT FUND, RESPONDENT.

(No. 8,090.)

(Submitted September 28, 1940. Decided October 14, 1940.)

[106 Pac. (2d) 346.]

*Mr. S. C. Ford* and *Mr. Sam D. Goza, Jr.,* for Appellant, submitted a brief; *Mr. Goza* argued the cause orally.

112

114

[redacted]

*Messrs. Toomey, McFarland & Chapman,* for Respondent, submitted a brief; *Mr. E. G. Toomey* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from the judgment of the district court denying compensation to claimant. The facts are these:

Daniel J. Griffin was employed by the city of Great Falls as a fireman. He had worked the regular eight-hour night shift at the West Side fire station of that city, ending at 7:30 A. M. on February 21, 1938. Upon completing his shift he left the station and proceeded from the station to his home. When about five blocks from his home he accidentally slipped and fell on the ice-covered sidewalk, suffering injuries from which he died on February 25. His widow, Marion Griffin, claimant here, presented a claim for compensation for herself and two minor children. The city was operating under Plan 3 of the Workmen's Compensation Act, Revised Codes of 1935, sections 2990–3011. The hearing before the board resulted in an order denying compensation. On appeal to the district court the order was affirmed. The board found that the accident which resulted in the death of Daniel Griffin did not arise out of and in the course of his employment. The district court found that it did not arise out of the employment but that it did occur during the course of his employment.

The record discloses that in Great Falls the fire department is operated by three shifts, each shift serving an eight-hour period. This is in conformity with Chapter 15, Laws of 1937.

In addition to the regular eight-hour shift, each member of the fire department is subject to further call in case of conflagration or other emergency. It is conceded that at the time of the injuries resulting in the death of Daniel Griffin he had completed his regular eight-hour shift and was not at the time responding to any call resulting from an emergency or otherwise. He was simply returning to his home after his eight-hour shift was completed. He was receiving as wages $160 per month.

There are no important disputed fact questions. The sole question before us is whether the accident resulting in the death of Griffin arose out of and in the course of his employment with the city of Great Falls. Unless Daniel Griffin received injuries arising out of and in the course of his employment, there can be no recovery of compensation. (Sec. 2911, Rev. Codes; *Wiggins* v. *Industrial Accident Board*, 54 Mont. 335, 170 Pac. 9, L. R. A. 1918F, 932, Ann. Cas. 1918E, 1164; *Landeen* v. *Toole County Ref. Co.*, 85 Mont. 41, 277 Pac. 615; *Kerns* v. *Anaconda Copper Min. Co.*, 87 Mont. 546, 289 Pac. 563.) The employer is not an insurer of his employees at all times during the period of employment. (*Sullivan* v. *Roman Catholic Bishop of Helena*, 103 Mont. 117, 61 Pac. (2d) 838.)

The rule has been settled in this state that a workman is not entitled to compensation for injuries received while traveling to and from his place of work by an instrumentality not under the control of the employer, and when he is subjected only to the ordinary street hazards common to all pedestrians. (*Murray Hospital* v. *Angrove*, 92 Mont. 101, 10 Pac. (2d) 577.) Here it is true that the instrumentality causing the injury—the sidewalk—was an instrumentality under the control of the employer—the city; in other words, the injury occurred on premises under the control of the employer. But unless the instrumentality causing the injury, or the premises on which the injury occurred were used in connection with the actual place of work where the employer carried on the business in which the employee was engaged, there can be no recovery. (*Boscola* v. *Pennsylvania Coal & Coke Co.*, 90 Pa. Super. 456; *Andrisin*

v. *Temple Coal Co.*, 101 Pa. Super. 235.) Conversely, if the employee is injured while carrying on the business of the employer for which he was employed, there is liability even though the injury occurred off the premises of the employer or by an instrumentality not under the control of the employer.

It does not follow that an injured workman can never recover for injuries received in ordinary street hazards. A person injured on the street or highway is entitled to compensation when, as a part of his employment, he is using the streets or highways in carrying on the work of his master. (*Herberson* v. *Great Falls Wood & Coal Co.*, 83 Mont. 527, 273 Pac. 294; *Williams* v. *Brownfield-Canty Co.*, 95 Mont. 364, 26 Pac. (2d) 980; and see *Chisholm* v. *Vocational School for Girls*, 103 Mont. 503, 64 Pac. (2d) 838.)

In the case of *Murray Hospital* v. *Angrove*, supra, the court stated the rule as follows: "The decisions departing from this rule hardly declare exceptions, but rather find in the evidence sufficient facts on which to declare that, although away from the plant, by reason of the particular facts and circumstances the employee was still on his employer's business, and, although in a place traveled by the general public, he was thereby subjected to a greater risk than were members of the general public." This is in line with the majority rule as stated in the note in 51 A. L. R. 514, wherein it is said: "The tendency of the later cases towards a more liberal construction of the term 'arising out of and in the scope of the employment' is reflected in the view now most generally taken as to street risks. The majority of the jurisdictions, as shown by the following cases, permit the recovery of compensation where the employee received a street injury while in the course of his employment, although the employment may not have required his presence on the street continually, but only occasionally, or even on the one occasion on which he was injured." For later cases to the same effect, see note in 80 A. L. R. 127.

Griffin was not at the time of the injury resulting in his death carrying out any duties owed to his employer. He was simply returning from his place of employment to his home.

He was free to choose his own time in returning home after completing his eight-hour shift, and was free to select his own route. His employment did not require him to be at the place where he sustained the injuries. Those injuries did not arise out of and in the course of his employment. To hold that claimant is entitled to compensation here we would be obliged to say that the employer was an insurer against accident for the full twenty-four hours of a day, no matter what the employee may have been doing during the sixteen hours when his regular services were at an end.

The further contention is made that, since complainant is receiving $80 per month from the Fire Department Relief Association, she is precluded from receiving an allowance under the Workmen's Compensation Act because of section 5133, Revised Codes. What we have already said precludes recovery in this case, and hence we need not discuss this additional point.

The Industrial Accident Board was correct in holding that the injuries to Griffin were not due to an accident arising out of and in the course of his employment. The district court reached the correct result, and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.