No. 13548

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

JOANN HAGERMAN,

       Claimant and Appellant,

  -vs-

GALEN STATE HOSPITAL, Employer
and STATE COMPENSATION INSURANCE
FUND, Insurer,

       Defendants and Respondents.

Appeal from: Workers' Compensation Court
              Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Scanlon and Connors, Anaconda, Montana
        Jack Scanlon argued, Anaconda, Montana

    For Respondents:

        Andrew J. Utick argued, Helena, Montana

Submitted: September 27, 1977

Decided: OCT 2 5 1977

Filed: JCI 2 5 1977

Thomas J. Kearney
                       Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

This appeal arises from findings of fact, conclusions of law and judgment of the workers' compensation court.

Two issues are presented for this Court's consideration:

1. Did the workers' compensation court err in failing to find the claimant provided a reasonable immediate economic benefit to the employer in necessarily having to commute to and from work, a distance of 25 miles at her own expense?

2. Was the claimant acting within the scope of employment in commuting to and from work at her own expense when no residential facilities are available to employees at the employer's place of employment?

Claimant Joann Hagerman, a nurses' aide at Galen State Hospital, was injured in an automobile accident on her way to work on March 24, 1975. Claimant lived in Anaconda, Montana some 12 1/2 miles from the hospital and commuted daily to and from work. She alleged there was inadequate housing at the hospital to cover employees and living away from the institution was a necessity. Out of some 304 employees, only 30 live at the hospital complex and the rest live in the Anaconda, Butte and Deer Lodge areas.

At the time of the accident there was no union contract provision for paying employees travel pay, nor was there any mass transit system for the employees. Most employees either drove to work or participated in car pools. The only provision in the employees' contract for travel pay was for an emergency "call out". Claimant was not on a "call out" on the day of the accident. It was a routine workday.

The issues on appeal are directed at whether the injuries sustained by claimant in the accident are compensable by reason of her employment, entitling her to workers' compensation benefits?

Claimant argues McMillen v. McKee and Company, 166 Mont. 400, 533 P.2d 1095 (1975); Ellingson v. Crick Co., 166 Mont. 431, 533 P.2d 1100 (1975); and Guarascio v. Industrial Accident Board, 140 Mont. 497, 374 P.2d 84, (1962); are controlling. We disagree. Each of the cited cases turned upon contracts that gave the employee travel time in one form or another, and therefore do not apply. Here, claimant had no right to any type of travel pay under her contractual agreement except for emergency "call out". She was not performing work within the course of her employment when injured.

Throughout the years this State has had workers' compensation, this Court has considered a number of cases where injuries were sustained going to or coming from work and has found no recovery unless employee travel pay was covered under the employment contract or that travel allowance was for travel for the special benefit of the employer. Nicholson v. Roundup Coal Min. Co., 79 Mont. 358, 257 P. 270 (1927); Herberson v. Great Falls Wood & Coal Co., 83 Mont. 527, 273 P. 294 (1929); Landeen v. Toole County Refining Co., 85 Mont. 41, 277 P. 615 (1929); Murray Hospital v. Angrove, 92 Mont. 101, 10 P.2d 577 (1932); Griffin v. Industrial Acc. Fund, 111 Mont. 110, 106 P.2d 346 (1940); McMillen v. McKee and Company, supra; Guarascio v. Ind. Acc. Bd., supra.

Unless transportation is made a part of the employment contract or travel to and from work is recognized by legislative enactment or contract, any injuries suffered in such travel are outside the course and scope of the employment.

The decision of the workers' compensation court is affirmed.

_John Conway Harrison_
Justice

We Concur:

_Jane B Harrison_
Chief Justice

_Frank B. Haswell_

_John D Daly_

_Daniel J. Shea_
Justices.

- 4 -