No. 13521

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

NELLIE VOORHIES,

Claimant and Appellant,

-vs-

THE PARK CAFE, INC., Employer,

and

STATE COMPENSATION INSURANCE FUND, Insurer,

Defendant and Respondent.

_____

Appeal from: Workers' Compensation Court
Honorable William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Michael J. McKeon argued, Anaconda, Montana

For Respondent:

Andrew J. Utick argued, Helena, Montana

_____

Submitted: November 30, 1977

Decided: JAN -6 1978

Filed: JAN -6 1973

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from findings of fact, conclusions of law and judgment entered against claimant by the Workers' Compensation Court. Claimant did not petition for a rehearing, but appealed directly to this Court.

Claimant Nellie Voorhies was employed by the Park Cafe in Anaconda, Montana as a fry cook. On February 20, 1975 she finished her work shift at approximately 2:10 p.m. She left the cafe by a rear entrance and proceeded to walk down the public alley toward her car. When she was approximately two car lengths from the cafe she slipped and fell on the ice, injuring her right arm and wrist. At the time of her fall claimant was on her way home from work and had left her employer's premises. Claimant admitted she was responsible for providing her own transportation to and from work and that she received no travel pay or specific allowance for her travel. She testified that all of her duties were within the restaurant building. The employer did not provide or designate any specific parking place for claimant and she was free to park wherever she chose and to use any entrance to and from the cafe that she might select under any circumstances.

The sole issue on appeal is whether claimant was injured in the course and scope of her employment which would entitle her to workers' compensation and medical benefits under the Montana Workers' Compensation Act.

Claimant presents the argument that her case falls within an exception to the "premises" rule in that she encountered a "special hazard" leaving the working premises due to parking her car in the alley, a benefit to her employer. This is presumed to place her within the scope and course of her employment. Claimant directs our attention to 1 Larson's Workmen's Compensation Law §15.13, p. 4-11, where the exception is noted with these two requirements:

"Note that the exception to the premises rule here
involved contains two components.  The first is the
presence of a special hazard at the particular off-
premises point.  The second is the close association
of the access route with the premises, so far as
going and coming are concerned."  (Emphasis added.)

Claimant argues that while no parking area was assigned
to her, it was understood the help was to park in the rear or
alley behind the cafe.  This in turn, she claims, was a benefit
to her employer by virtue of leaving the metered space in front
of the cafe available to patrons.  The record does not support
this argument either in terms of a sacrificial benefit by the
employer or any mandatory parking arrangement of any kind.

There is no legal support in the record to suggest that
Montana has recognized the so-called "special hazard" doctrine.
The fact there was ice in the alley would not present a special
hazard for cafe employees.  Any person traversing the alley would
be subject to the same condition.  Claimant argues the hazard was
greater than exiting the front door of the cafe.  A search of the
record does not reveal any testimony addressed to this point.

The law in Montana applied when there are no recognized
exceptions such as paid travel can be found in Murray Hospital v.
Angrove (1932), 92 Mont. 101, 109, 10 P.2d 577, in these words:

"While there are certain exceptions to the general
rule, based upon peculiar facts and circumstances,
no court has held that a workman going to or from
his place of employment in the ordinary manner is
entitled to either compensation or hospitalization
if injured enroute by an instrumentality not under
the control of his employer, either under the ordi-
nary provisions for compensation or treatment after
suffering injury from an industrial accident, and
no such holding would be justified under our Act,
as the injury could not arise out of or in the course
of the employment, for the employment ceases ordi-
narily when the period of service is at an end
and the workman leaves the plant for the night, and
does not again begin until he reaches the plant on
the next working shift or day."  (Emphasis added.)
92 Mont. 109.

This Court in Hagerman v. Galen State Hospital and State
Compensation Insurance Fund (1977), ____Mont.____, 570 P.2d 893,

- 3 -

34 St.Rep. 1150, 1152, set forth the exception to the law found in Murray Hospital when authorized travel is involved:

> "Unless transportation is made a part of the employment contract or travel to and from work is recognized by legislative enactment or contract, any injuries suffered in such travel are outside the course and scope of the employment."

Here, claimant was not at the time of her injury carrying out any duties owed to her employer. She was simply returning from her place of employment to her home after completing her four hour shift and was free to select her own route. Her employment did not require her to be at the place she sustained the injury. Therefore, under Montana law, her injury did not arise out of and in the course of her employment and by reason thereof she is entitled to neither compensation nor hospitalization.

The judgment of the Workers' Compensation Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices