MR. JUSTICE MORRISON
delivered the Opinion of the Court.
Claimant, Byron J. Courser, filed a petition to recover compensation benefits for a severe head injury. Workers’ Compensation Court ruled the injuries were compensable. Defendant appeals.
Byron Courser, Claimant, has been an elementary school teacher in the Darby School District No. 9 since 1970. His responsibilities included teaching, coaching, art instruction, and administrative duties.
During the spring of 1981, Claimant entered an individual employment contract with the District that provided for an “annual salary” to be paid in ten or twelve monthly installments according to the employee’s preference. By its terms, this contract was subject to a master contract negotiated between the Claimant’s union and the School District. The salary schedule encouraged teachers to pursue graduate degrees since promotion was based on advanced education as well as tenure. Prior approval by the school administration of all proposed graduate programs was required.
Speculating early retirement of the principal, School District officials urged Courser to complete a master’s degree to become eligible for that administrative opening. In the summer of 1980 claimant entered a master’s program at Western Montana College based upon encouragement from the District’s superintendent and the principal of the elementary school. Pursuant to the approval requirement of the master contract, the District superintendent reviewed *15 and approved claimant’s degree program and selected courses. Concurrently, the superintendent granted a salary increase to become effective upon completion of the 1981 summer courses, even though the master’s program remained incomplete.
Claimant’s wife testified that he had worked for the Forest Service for the past fourteen summers and would have returned to this summertime work if his School District superiors had not strongly recommended that he complete his master’s degree.
Claimant started the academic summer session in June 1981. He lived in the dorms on the Western Montana College campus in Dillon, Montana, and commuted home to his wife and two children every weekend. On Sunday evening, June 26, 1981, returning to Dillon on his motorcycle, Claimant sustained a severe closed head injury in a single vehicle accident. The left temporal lobe of his brain was severely damaged resulting in no short-term memory greater than thirty seconds. Claimant’s injury resulted in his permanent placement in Warm Springs State Hospital. Defendant agreed at the pretrial that claimant’s injuries rendered him permanently and totally disabled but denied the injury was work-related and denied coverage.
Claimant filed a petition in the Workers’ Compensation Court. By agreement of the parties the case was submitted upon briefs, depositions and exhibits.
On March 26, 1984, Judge Reardon entered his Findings of Facts and Conclusions of Law and Judgment ruling that claimant’s injury was work-related and compensable. Claimant was awarded attorney’s fees and costs, but denied an increased award due to defendant’s wrongful denial.
The single issue presented on appeal is whether claimant’s motorcycle accident in which the head injury occurred was sustained while he was in the scope and course of his employment for Darby School District No. 9.
Determination of compensability of Courser’s injuries focuses on a single dispositive question: whether or not *16 Courser’s summer school graduate program at Montana Western College in Dillon is a work-related activity. It is undisputed that Courser was injured while driving to his master’s degree courses in Dillon. If this Court decides that there is substantial evidence for the graduate program to be related to Courser’s teaching and administrative responsibilities in the Darby school, his resultant injuries are compensable.
This Court adheres to the “going and coming” rule as a well-established principle in Workers’ Compensation law which denies compensation benefits for injuries sustained by an employee traveling to or from the regular work place. Hagerman v. Galen State Hospital (1977), 174 Mont. 249, 251, 570 P.2d 893, 894. Under one of the recognized exceptions to the “going and coming” rule, Workers’ Compensation law recognizes compensation benefits for injuries sustained during travel necessitated by performance of a special assignment which is incidental to the employee’s regular employment. Steffes v. 93 Leasing Co. (1978), 177 Mont. 83, 580 P.2d 450. Here the claimant was returning to Dillon and the injuries were incurred within the course and scope of employment if the schooling in Dillon was job related.
The standard of review of Workers’ Compensation cases is whether substantial, credible evidence supports the Workers’ Compensation Court decision. Green v. C.R. Anthony & Co. (Mont. 1981), 634 P.2d 629, 630. The spirit of Workers’ Compensation legislation to compensate the injured worker, requires that we review the facts in the light most favorable to the claimant.
Controlling factors repeatedly relied upon to determine a work-related injury include: (1) whether the activity was undertaken at the employer’s request; (2) whether employer, either directly or indirectly, compelled employee’s attendance at the activity; (3) whether the employer controlled or participated in the activity; and (4) whether both employer and employee mutually benefited from the activ *17 ity. The presence or absence of each factor, may or may not be determinative and the significance of each factor must be considered in the totality of all attendant circumstances. Shannon v. St. Louis Board of Education (1979), 577 S.W.2d 949, 951-2.
It is clear from the record that Courser was encouraged to pursue the master’s degree program. His superintendent and principal strongly urged him to take the graduate courses to assure his eligibility for a principal position at the Darby school.
The Arizona Court of Appeals found injuries sustained while returning home from a training seminar compensable, focusing on the employer’s authorization and encouragement to attend the course and held:
“From the record it is clear that the respondents were at least strongly urged to attend the seminar. We hold that considering the evidence in its totality, there is sufficient indicia of employment-related activity to support the finding that the respondents sustained their injuries while in the course of their employment.” Johnson Stewart Mining Co. v. Industrial Co. (1982), 133 Ariz. 424, 652 P.2d 163, 167-68.
The mutual benefit element is sufficiently supported in the record. Courser was to receive a salary increase for his completion of the summer graduate courses. The School District, Courser’s employer, received the benefit of maintaining a highly-qualified teaching faculty and of grooming someone for one of the District’s administrative positions.
The element of control of employer over the employee’s activities is elusive and more problematic to ascertain. In Bump v. Central School District, (1973), 40 A.D.2d 243, 338 N.Y.Supp.2d 998, the New York Supreme Court found the control factor was satisfied by the mere approval of the teacher’s courses by the supervisor:
Attendance at the particular place and incidental travel do not remove an employee from the employment even if voluntary, if such attendance was incidental to the *18 ordinary employment and was undertaken at the employer’s request (Matter of Grieb v. Hammerle, 222 N.Y. 382, 118 N.E. 805). Upon the testimony recited by the board in its decision there can be no doubt that the particular course at Briarcliff was reasonably incidental to the particular employment of this Social Studies teacher; that attendance at Briarcliff was advantageous to the employer; and that both superiors of the decedent had specifically approved the decedent’s course at Briarcliff. Under such circumstances, the voluntariness of attendance would not be substantial evidence to support a conclusion that the decedent was not in the course of his employment while attending Briarcliff.” 338 N.Y.Supp.2d at 1000. (Emphasis added.)
In a more recent decision issued by the Missouri Court of Appeals, the court satisfied the element of control with even a lower standard of proof and held:
“There was an element of control in that employer’s Chairman of the Counseling Department supervised employee’s progress at Washington University.” Shannon, 577 S.W.2d at 952.
The most convincing authority addressing the employer’s control of employee’s activities as determinative for compensation was set out in an Arizona Court of Appeals decision.
“We do not think compensability may rest solely upon the fact that an employer, who does not sponsor, approve or urge employee participation in an activity, merely receives some benefit from the activity. As stated in Tally v. J.J. Newberry Company, 30 A.D.2d 898, 899, 291 N.Y.Supp.2d 950, 952 (1968):
“ ‘There must be at least some action on the part of the employer to connect the trip to employment, some sponsorship, some approval, some employer action must be present.’ “ Johnson Stewart Mining Co., 652 P.2d at 167.
Pursuant to a provision in his master employment contract, mandating prior approval of graduate degree pro *19 grams by the School District, Courser’s proposed master’s degree curriculum was reviewed and approved by his superintendent. Absent this employer’s authorization, Courser’s summer school would not have qualified him as an eligible candidate for promotion.
The trial court did not specifically address the issue of control. However, in this case there is sufficient evidence on control to lend support to a finding that the Dillon school activity was related to the claimant’s employment.
Actual control is not necessary for compensability. The right to control is sufficient. Barbree v. Shelby Mutual Ins. Co. (1962), 105 Ga.App. 186,123 S.E.2d 905. That right may exist if the employee is acting for the benefit of the employer. Here we have an employer who in fact controlled curriculum choice. Additionally, employer could be determined to have the right of control growing out of performance of activity by claimant designed to benefit employer. Specific contractually granted control is not indispensable where the right to control can be inferred from other facts.
There is substantial, credible evidence to support the Workers’ Compensation Court. We therefore affirm.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICES SHEEHY and WEBER concur.