No. 86-321

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

RONALD S. HETLAND,

       Claimant and Appellant,

-vs-

MAGNUM PETROLEUM, Employer,

     and

STATE COMPENSATION INSURANCE FUND,

       Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John L. McKeon, Anaconda, Montana

    For Respondent:

        Allen B. Chronister, Assistant Attorney General,
Agency Legal Services, Helena, Montana

Submitted on Briefs: Nov. 13, 1986

Decided:  February 23, 1987

Filed:  FEB 23 1987

_Ethel M. Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Ronald S. Hetland appeals a Workers' Compensation Court ruling that Hetland was not acting within the course and scope of his employment at the time of his automobile accident and therefore was not eligible for workers' compensation benefits. The issue on appeal is whether there is substantial evidence to support the Workers' Compensation Court's ruling. We affirm.

In January 1982, Hetland was hired by Magnum Petroleum as a convenience store clerk in Anaconda, Montana. The store manager instructed Hetland that his duties included cleaning the store, stocking shelves, logging the gasoline and making night deposits. The store clerks took turns working morning shifts on the weekends. The clerk working this shift was responsible for getting the keys and money from the clerk who closed the store the previous night. The manager left the details of the transfer to the clerks involved; the morning clerk could come to the store at closing time (10:00 p.m.) to retrieve the keys and money from the night clerk or the night clerk could bring the keys and money to the morning clerk's home after closing the store, or to the store the next morning. The clerks were not given any compensation for undertaking this transfer and the store furnished no vehicles.

Hetland was scheduled to work a morning weekend shift on January 16, 1983. Hetland stopped by the store the night before to tell the clerk of his out-of-town entertainment plans for the evening, and that he would return to pick up the keys and money at 10:00 p.m., which was closing time. Hetland and his wife then departed for a nightclub in Rocker, Montana, a town approximately twenty-five miles east of Anaconda, where they met Hetland's mother-in-law. As closing time for the store approached, Hetland borrowed his mother-in-law's new car, drove back to Anaconda, picked up the keys and money at the store and took them to his apartment located ten to twelve blocks from the store. Hetland then drove to Fairmont Hot Springs since his wife and mother-in-law had indicated that they might move to that location. Hetland did not find his wife or mother-in-law at Fairmont and was returning to Rocker when he had an automobile accident at the Gregson interchange on Interstate 90.

Hetland testified that he felt the keys and money pickup was part of the job but further testified that once the keys and money had been accounted for, he was back on his own personal time. The Workers' Compensation Court held that at the time of the accident, Hetland was not acting within the course and scope of his employment and therefore was not eligible for workers' compensation benefits.

The applicable standard for determining whether an employee is entitled to workers' compensation benefits is stated in § 39-71-407, MCA:

> Every insurer is liable for the payment of compensation . . . to an employee of an employer it insures who receives an injury arising out of and in the course of his employment or, in the case of his death from such injury, to his beneficiaries, if any.

"Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court." Steffes v. 93 Leasing Co., Inc. (1978), 177 Mont. 83, 86, 580 P.2d 450, 452-53. Hetland argues that at the time of his automobile accident he was on the last leg of a "special assignment" or "special errand" on behalf of the employer.

The Steffes case, 580 P.2d at 453, addresses the going and coming rule, and its exceptions:

> Generally, an injury sustained in going to or coming from work does not arise out of and in the course of employment within the meaning of the Workers' Compensation Act. Hagerman v. Galen State Hospital (1977), Mont., 570 P.2d 893, 34 St.Rep. 1150. However in Hagerman this Court recognized two exceptions to the rule: (1) where employee travel pay was covered under the employment contract, and (2) where the travel was for the special benefit of the employer.

4

The second exception stated above is the basis of Hetland's argument and was recently discussed by this Court: "[t]his exception applies where an employee is required to travel away from home on his employer's business." Correa v. Rexroat Tile (Mont. 1985), 703 P.2d 160, 163, 42 St.Rep. 1075, 1078.

We agree with the Workers' Compensation Court that Hetland was not acting within the course and scope of his employment at the time of the accident and therefore is not eligible for compensation benefits. Three reasons support our conclusion. First, Hetland testified at least three times that after the keys and money were secured from the night clerk, he was free to resume his activities for the evening. Hetland based his understanding in part on what the manager had told him. Therefore when the keys and money arrived at Hetland's apartment, Hetland's subsequent actions no longer served any business purpose of his employer. Second, the employer was not exerting a right of control over Hetland at the time of his accident. The right to control may exist if the employee is acting for the benefit of the employer. Courser v. Darby School Dist. No. 1 (Mont. 1984), 692 P.2d 417, 420, 41 St.Rep. 2283, 2287. The clerks were responsible for carrying out the transfer. Hetland chose to drive back from Rocker that evening instead of requesting the night clerk to bring the keys and money to the store the next

morning. The travel Hetland undertook, save for the ten to twelve block ride from the store to his apartment with the keys and money, cannot be said to have been for the special benefit of the employer under Steffes.

Third, public policy precludes a finding of injury within the course and scope of employment in this case. The employer is not an insurer of his employees at all times during the period of employment, Griffin v. Industrial Accident Fund (1940), 111 Mont. 110, 117, 106 P.2d 346, 348, but only during the time the employees are discharging business responsibilities on his behalf.

As the Griffin Court noted:

> [Claimant's] employment did not require him to be at the place where he sustained the injuries. Those injuries did not arise out of and in the course of his employment. To hold that claimant is entitled to compensation here we would be obliged to say that the employer was an insurer against accident for the full twenty-four hours of a day, no matter what the employee may have been doing during the . . . hours when his regular services were at an end.

Accordingly, we find substantial evidence to support the decision of the Workers' Compensation Court.

Affirmed.

_____
Justice

6

We concur:

_____
Chief Justice

_____


_____
Justices


Mr. Justice William E. Hunt, Sr., dissenting:


I dissent.

When employee Hetland left his job after completion of his regular hours, he was still under a duty to perform a service for his employer. In the performance of that duty, he suffered severe injuries. I would reverse the Workers' Compensation Court.

_____
Justice