No. 88-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

JEANNIE BUHL,

           Claimant and Appellant,

     -vs-

WARM SPRINGS STATE HOSPITAL,
           Employer,
        and
STATE COMPENSATION INSURANCE FUND,

           Defendant and Respondent.

---

APPEAL FROM:   The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Greg J. Skakles; Johnson, Skakles & Kebe, Anaconda,
          Montana

     For Respondent:

          Chris D. Tweeten, Agency Legal Services Bureau, Helena,
          Montana

Submitted on Briefs:   Feb. 3, 1989

Decided:   March 7, 1989

Filed:

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Claimant Jean Ann Buhl was injured while en route to her employment at Warm Springs State Hospital and filed a workers' compensation claim for temporary disability pay for the several months of work she missed due to the injuries from the accident. Benefits were denied. The case was submitted to the Workers' Compensation Court on an agreed set of facts. The parties agreed that the only issue to be determined was whether the claimant suffered injury in the course and scope of her employment. The Workers' Compensation Court ruled that she did not. Claimant appeals.

We affirm.

The only issue on appeal is whether the Workers' Compensation Court erred as a matter of law when it concluded that claimant's conduct at the time of her injury was not within the course and scope of her employment and that it did not come under any exception to the "going and coming" rule.

On August 10, 1985, claimant was riding to work as a passenger in a car driven by co-employee Sue Graves down Highway 48 in Montana from their residence in Anaconda to their employment site at Warm Springs. They were scheduled to go on duty at 3:00 p.m. that afternoon. En route to Warm Springs, they saw a fellow employee, Gene Evans, with his car parked alongside the highway with the hood up. Claimant and the driver mutually agreed to stop their car to see if they could render assistance to their stranded co-worker. Claimant was sitting inside Graves's parked car when the car was struck by another car. Claimant was injured in that collision.

Claimant argues first that it was the employment relationship that motivated them to stop Graves's car, and that secondly, by so aiding a fellow employee get to work on time, she was conferring a benefit upon the employer. Both of these bring this conduct

2

under an exception to the "going and coming" rule, according to claimant. We disagree.

To be compensable an injury generally must occur within the course and scope of employment, section 39-71-407, MCA (1985), and travel to work and coming home from work ("going and coming") is not within the course and scope of employment, Griffin v. Industrial Accident Board (1940), 111 Mont. 110, 106 P.2d 346. Exceptions may apply when additional factors are present, such as when the employer pays for or provides the employee's transportation. Correa v. Rexroat Tile (Mont. 1985), 703 P.2d 160, 42 St.Rep. 1075; Gordon v. H. C. Smith Construction Co. (1980), 188 Mont. 166, 612 P.2d 668. In the instant case, claimant was not compensated by the employer for time spent in transit. The accident occurred while she was off duty and off of the employer's premises.

On facts very similar to these, this Court denied compensation to the claimant based on the "going and coming" rule. Hagerman v. Galen State Hospital (1977), 174 Mont. 249, 570 P.2d 893. In that case, the claimant was an employee at Galen State Hospital who commuted twelve miles to work every day from her residence in Anaconda. She was not personally compensated by the employer for her commuting expenses. She was injured in an auto accident en route to work one day and filed a claim with her employer for compensation. We affirmed the denial of benefits stating:

> Throughout the years this State has had workers' compensation, this Court has considered a number of cases where injuries were sustained going to or coming from work and has found no recovery unless employee travel pay was covered under the employment contract or that travel allowance was for travel for the special benefit of the employer. [Citations omitted.]
>
> Unless transportation is made a part of the employment contract or travel to and from work is recognized by legislative enactment or

3

> contract, any injuries suffered in such travel are outside the course and scope of the employment.

Hagerman, 174 Mont. at 251, 570 P.2d at 894. The Workers' Compensation Court specifically noted that this case was within the Hagerman rule when it denied benefits to claimant.

Claimant argues that her case fits the "special benefit" exception articulated in Hagerman because she conferred a reasonably immediate service to her employer. She argues that she was injured while attempting to help a fellow employee get to work on time, completing the work force for the benefit of the employer.

The Workers' Compensation Court rejected that argument stating: "If merely securing the employee's presence at work is in every case a 'special benefit,' the exception swallows up the rule." Because of this, the court found that no exception to the general rule applied based on claimant's conduct at the time of her injury. We agree.

As we stated in Ogren v. Bitterroot Motors, Inc. (Mont. 1986), 723 P.2d 944, 947, 43 St.Rep. 1467, 1471: "It is hard to imagine how traveling to one's regular work place on a regular workday can be for the special benefit of an employer." Thus, claimant's conduct in this case is dispositive. No exception to the general rule would apply under these facts for conduct securing her or Evans' presence at work at their regularly scheduled time. The Workers' Compensation Court is affirmed on that ruling.

Here, it should be noted that this case was submitted on an agreed set of facts which do not support claimant's primary theory: that the purpose of the stop was to aid Evans in getting to work on time, although that might be inferred as one reason for stopping from the context of all the facts taken together. The facts generally indicate that stopping was a voluntary choice by Graves, for humanitarian purposes, because a motorist was stranded. They do not indicate that claimant was concerned with Evans' timely

4

arrival at work, nor do they indicate that Graves would have passed him by had he not been scheduled to work at 3:00 p.m.

However, the facts point out that the employer did not request, require, or know of claimant's conduct, and that there is a total lack of employer participation in the activity causing injury.

Claimant next argues that her injury is compensable because her conduct was of "mutual benefit" to the employer and herself and is thus another possible exception to the going and coming rule. We disagree.

The "mutual benefit" exception was recently discussed in Lassabe v. Simmons Drilling, Inc. (Mont. 1987), 743 P.2d 568, 570-571, 44 St.Rep. 1369, 1372, where we stated:

> . . . because when some advantage to the employer results from the employee's conduct, his act cannot be regarded as purely personal and wholly unrelated to the employment.

Citing, Guarascio v. Industrial Accident Board (1962), 140 Mont. 497, 501, 374 P.2d 84, 86.

However, this rule is inapplicable for the reasons addressed above. Simply securing the employee's presence at work cannot be a "special benefit" or an "advantage" to the employer. Under these facts, the work area is not a danger zone, such as a construction site; nor is it an entirely remote area, such as a drilling site. The employer in this case is wholly removed from transportation responsibilities and can reasonably expect that employees secure their own transportation to and from work. Such transportation is not within the course and scope of the employment. Absent any additional factors, injuries occurring during transit are not compensable.

Because this case turns on claimant's "travel status" at the time of injury, and because we have already affirmed that no exceptions can apply to her conduct, we decline discussion on

5

claimant's four remaining proposed exceptions.

Claimant's conduct is too far removed from any benefit or logical nexus to the employer to bring this case within an exception to the "going and coming" rule. Her injury is not compensable under our scheme of workers' compensation. Benefits were properly denied.

Judgment affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

6