No. 92-372

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE COMPENSATION MUTUAL INSURANCE
FUND and TOWN HOUSE INNS,

      Petitioners and Appellants,

-v-

CHRISTINE JAMES,

      Respondent and Respondent.

APPEAL FROM:    Workers' Compensation Court
                For the State of Montana
                The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Elizabeth A. Horsman-Wiitala, State Compensation
            Mutual Insurance Fund, Helena, Montana

      For Respondent:

            Frank J. Joseph, Burgess, Joyce & Whelan, Butte,
            Montana

FILED

Submitted on Briefs:  January 14, 1993

Decided:  March 25, 1993

Filed:    MAR 2 5 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal by the State Fund of a Workers' Compensation Court decision compensating claimant for injuries sustained in an automobile accident. We reverse.

The sole issue on appeal is whether the Workers' Compensation Court erred in concluding that the claimant suffered a compensable injury under § 39-71-407(3)(b), MCA.

Claimant, Christine James was employed by Town House Inns in Butte. She started her employment as a housekeeper in 1987 and was promoted to Administrative Assistant/Sales Director in December of 1987. As part of Ms. James's duties, she was in charge of the computerized mail solicitation program. Also as part of her duties, she participated in the manager-on-duty program. The latter program required Ms. James to alternate weekend management responsibilities with three other managers.

Ms. James was not on weekend duty the weekend of November 27, 1988. However, the manager on duty had the desk clerk call Ms. James twice on that day because the computer data system involving the computerized mail solicitation program had broken down. Ms. James tried to facilitate fixing the system by way of the telephone, but was unsuccessful. She, therefore, went to the hotel to fix the system in person. During a second trip to the hotel, Ms. James and her husband were involved in an auto accident. Ms. James was injured and subsequently missed a month and a half of work.

Ms. James filed a workers' compensation claim on July 14, 1989. The claim was denied and mediated. She then petitioned the Workers' Compensation Court and a hearing was held on March 9, 1992. The Workers' Compensation Court issued its findings of fact and conclusions of law on July 10, 1992, stating that Ms. James was injured during the course and scope of her employment and was entitled to compensation. This appeal followed.

Did the Workers' Compensation Court err in concluding that Ms. James suffered a compensable injury under § 39-71-407(3)(b), MCA?

The Workers' Compensation Court concluded as a matter of law that Ms. James's injury was compensable under an established exception to the "going and coming" rule. The rule denies benefits for injuries sustained by an employee traveling to and from his regular work place. Buhl v. Warm Springs (1989), 236 Mont. 363, 769 P.2d 1258. According to the Workers' Compensation Court, Ms. James's injuries did occur during travel required by the employer "as part of" the employee's job duties, pursuant to § 39-71-407(3)(b), MCA.

The State Fund argues that Ms. James was merely traveling to her regular work place to perform a regular function as Administrative Assistant/Sales Director. Ms. James argues that the events of November 27, 1988, are consistent with a special "call in" and that if the employment places the worker in the path of harm and without which the injury would not have occurred, the injury is said to have "arisen out" of the employment.

In 1987, our legislature took official notice of the "going and coming" rule as well as the exceptions which had evolved to it over the years.  That 1987 statute reads:

> **Liability of insurers--limitations.** (1) Every insurer is liable for the payment of compensation, in the manner and to the extent hereinafter provided, to an employee of an employer it insures who receives an injury arising out of and in the course of his employment or, in the case of his death from such injury, to his beneficiaries, if any.
>
> (2) (a) An insurer is liable for an injury as defined in 39-71-119 if the claimant establishes it is more probable than not that:
>
> (i) a claimed injury has occurred; or
>
> (ii) a claimed injury aggravated a preexisting condition.
>
> (b) Proof that it was medically possible that a claimed injury occurred or that such claimed injury aggravated a preexisting condition is not sufficient to establish liability.
>
> (3) An employee who suffers an injury or dies while traveling is not covered by this chapter unless:
>
> (a)(i) the employer furnishes the transportation or the employee receives reimbursement from the employer for costs of travel, gas, oil, or lodging as a part of the employee's benefits or employment agreement; and
>
> (ii) the travel is necessitated by and on behalf of the employer as an integral part or condition of the employment; or
>
> (b) the travel is required by the employer as part of the employee's job duties.
>
> (4) An employee is not eligible for benefits otherwise payable under this chapter if the employee's use of alcohol or drugs not prescribed by a physician is the sole and exclusive cause of the injury or death. However, if the employer had knowledge of and failed to attempt to stop the employee's use of alcohol or drugs, this subsection does not apply.
>
> (5) If a claimant who has reached maximum healing suffers a subsequent nonwork-related injury to the same part of the body, the workers' compensation insurer is not liable for any compensation or medical benefits caused by the subsequent nonwork-related injury. (Emphasis added.)

Section 39-71-407, MCA.

The resolution of this case turns on the meaning of "travel required by the employer as part of the employee's job duties."  On

4

review, we must determine whether the Workers' Compensation Court interpreted this subsection correctly. St. John's Lutheran Church v. State Compensation Fund (1992), 252 Mont. 516, 830 P.2d 1271.

Ms. James relies on Parker v. Glacier Park, Inc. (1991), 249 Mont. 225, 815 P.2d 583. Such a reliance is misplaced as Parker's situation was quite different from Ms. James's. Parker was a hotel manager at the Rising Sun Motor Inn owned by Glacier Park, Inc. The day the Inn closed for the season, Parker loaded his car with perishable foods from his Inn and drove them to St. Mary's Lodge from which the produce had initially been borrowed. When such exchanges occurred it was Parker's responsibility to see that all loans were repaid.

Parker drove to St. Mary's and returned the produce and had several drinks with the chef at Lake McDonald Lodge and with the chef at Rising Sun. Their discussions centered around business. Parker left St. Mary's at 12:00 a.m. in order to return to the Rising Sun where he was to speak with the night auditor and prepare for the next morning's banking. While traveling on this return trip Parker was permanently injured in a single car accident.

We held that Parker acted within the scope of his employment. That scope included such travel between the lodges. Parker was required to travel "as part of" his job. Such circumstances distinguish Parker from this case. Here Ms. James was not required to travel between various areas during the course and scope of her employment. She was simply traveling to her job site in Butte when the accident occurred.

5

Section 39-71-407(3), MCA, specifies that an employee who suffers an injury while traveling is not covered unless within the specific provisions of subparagraph (a) or (b). Clearly subparagraph (a) does not apply as the employer did not furnish the transportation. Under subparagraph (b), the employee is not covered unless the travel is required as "part of" the employee's job duties. Prior to the enactment of the above statute, we held in Massey v. Selensky (1987), 225 Mont. 101, 731 P.2d 906, that the general rule was that travel to and from an employee's place of work was outside the course and scope of his employment. We here construe the phrase "as part of" from paragraph (b) of § 39-71-407(3), MCA, as equivalent to the phrase "in the course and scope of" employment from the previous common law.

Here, Ms. James was on her way to her regular work place. Her work requirements in the course and scope of her employment included telephone solicitation, computer data input, and other sales and front desk work, all in the building in which she worked. Normally no travel was required for those duties. Ms. James was occasionally required to travel to other hotels, and on those occasions mileage was paid to her which could include mileage from her front door to such different hotel. Neither Ms. James, nor any other hotel manager, had ever submitted claims for, or received reimbursement for, mileage for travel from their homes to the hotel which was their regular job site.

Here Ms. James was not traveling to another job site during the course and scope of her work. She was simply traveling from

6

her home to the hotel in which she normally worked in order to engage in data entry responsibilities.

We conclude that under § 39-71-407(3)(b), MCA, the travel required by an employer as a part of the employee's job duties does not include travel to and from the employee's normal place of work. We conclude that the phrase "as part of" in subparagraph (3)(b), does not include travel to and from the employee's regular job site unless the employer furnishes transportation which then comes under the provisions of subparagraph (3)(a).

We hold the Workers' Compensation Court erred in concluding that Ms. James's injury was compensable under § 39-71-407(3)(b), MCA.

Reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7

Justice William E. Hunt, Sr., dissenting.

I dissent. The majority misconstrues both the cases and statutes in determining that the claimant here was not entitled to benefits. In the ordinary course of the going and coming rule, the only obligation that the employee has to the employer is to be at work on time to begin performing the duties required. If the employee is at work and directed to travel somewhere else for the benefit of the employer, then there would be coverage during that trip. Here, claimant was directed by the employer to come to work, and was obligated to commence the travel under the direction of the employer to arrive and do a specific job, as requested by the employer.

Clearly, claimant was under the direction of the employer in this case. I would affirm the Workers' Compensation Court.

_____
Justice

Justice Trieweiler concurs in the foregoing dissent.

_____
Justice

7