ANGELA HEATH,
Petitioner and Appellant,
v.
MONTANA MUNICIPAL INSURANCE
AUTHORITY, Respondent and Insurer
for CITY OF LEWISTOWN POLICE
DEPARTMENT,
Respondent.

No. 97-669.

Submitted on Briefs April 23, 1998.

Decided May, 5, 1998.

1998 MT 111.

288 Mont. 463

959 P.2d 480

Appeal from the Workers' Compensation Court.

Honorable Mike McCarter, Judge.

See C.J.S. Workmen's Compensation § 231.

Affirmed.

For Appellant: Cameron Ferguson, Hartelius, Ferguson, Baker & Kazda, Great Falls.

For Respondent: Oliver H. Goe, Browning, Kaleczyc, Berry & Hoven, Helena.

JUSTICE NELSON delivered the Opinion of the Court.

¶1    This is an appeal by petitioner Angela Heath (Heath) from a September 25, 1997 order of the Workers' Compensation Court granting summary judgment in favor of Montana Municipal Insurance Authority and the City of Lewistown Police Department (collectively referred to as the City). We affirm.

BACKGROUND

¶2    Heath began working as a dispatcher for the City of Lewistown Police Department on April 2, 1996. The police department is located in the Lewistown City Building. This

building fronts on Watson Street, a public street maintained by the City of Lewistown. Adjacent to and abutting the street is a public sidewalk, which for ease of reference will be referred to as the "Watson Street sidewalk."

¶3    On the side facing Watson Street, the Lewistown City Building has three separate entrances, one for the fire department, one for the police department, and the third for other city offices. Separate sidewalks link each of the three entrances to the Watson Street sidewalk. In addition to the front entrances, the police department has an additional entrance at the rear of the building. The police department's rear entrance is locked, but police department employees are provided keys to that entrance. Heath had not yet received a key when she was injured.

¶4    Parking lots are located behind the Lewistown City Building and adjacent to and on the right side of the building when viewed from Watson Street. A "throughway" or alley separates the adjacent lot from the building. There is also a third parking lot across Watson Street from the building. The rear parking lot has several parking spaces reserved for police department employees. Otherwise, all spaces in the parking lots and on the street, with the exception of a fire lane directly across from the Lewistown City Building, are unreserved and open for parking not only by city employees but by the general public as well. The parking lot adjacent to the building serves both the Lewistown City Building and a nearby community center.

¶5    Heath was not required to drive to work and was not paid to do so. She was told that she could park in any of the parking lots on or near the street, except on Watson Street immediately in front of the building.

¶6    On her second day of work, April 3, 1996, Heath left her home for work at approximately 7:30 a.m. She drove to work in her car, arriving at the Lewistown City Building approximately five minutes later. She parked in the lot adjacent to the building and after exiting her car walked across the throughway and then down the Watson Street sidewalk. As she approached the sidewalk leading to the police department, she slipped and fell, injuring herself. At the time of her fall she was still on the Watson Street sidewalk and had not entered the sidewalk leading to the police department. Moreover, at the time she fell, Heath's shift had not begun, she was not being paid, nor was she performing work-related duties.

¶7    On the date of her injury, the City of Lewistown was insured by Montana Municipal Insurance Authority. Heath submitted a claim for workers' compensation benefits to the City's insurer. The insurer denied the claim on the ground that Heath's injuries did not occur in the course and scope of her employment. Thereafter, Heath petitioned the Workers' Compensation Court to enter an order requiring the insurer to accept liability for her injuries, to pay her medical expenses, and to determine and order payment for any disability arising from her injuries. Following discovery, the matter was submitted to the Workers' Compensation Court on cross motions for summary judgment. The motions were orally argued, and following Heath's deposition, the court deemed the motions submitted. On September 25, 1997, the court entered its order granting summary

judgment to the City and dismissing Heath's petition with prejudice. This appeal followed.

## ISSUE

¶8    The sole issue presented by Heath on appeal is whether her injury of April 3, 1996, arose within the course and scope of her employment.

## STANDARD OF REVIEW

¶9    This Court's standard of review of a grant or denial of summary judgment by the Workers' Compensation Court is the same as that used by the trial court in ruling upon the motion for summary judgment. Heisler v. Hines Motor Co. (1997), 282 Mont. 270, 274, 937 P.2d 45, 47 (citations omitted). We determine whether there is an absence of genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Our review of the court's conclusions of law is plenary; we simply determine whether its legal conclusions are correct. Loss v. Lumbermens Mut. Cas. Co. (1997), 282 Mont. 80-81, 936 P.2d 313, 314 (citations omitted).

¶10    In the case at bar, neither party contends that genuine issues of material fact are in dispute. Accordingly, we determine only whether the trial court correctly ruled in favor of the party entitled to judgment as a matter of law. We hold that the trial court did.

## DISCUSSION

¶11    Historically, the general rule in Montana is that employees are not covered under the Workers' Compensation Act while going to and from work. This rule was established in Murray Hospital v. Angrove (1932), 92 Mont. 101, 109, 10 P.2d 577, 580, and has been reaffirmed in numerous cases during the intervening years. See, e.g., Griffin v. Industrial Acc. Fund (1940), 111 Mont. 110, 115, 106 P.2d 346, 348; Hagerman v. Galen State Hospital (1977), 174 Mont. 249, 251, 570 P.2d 893, 894; Gorden v. H.C. Smith Const. Co. (1980), 188 Mont. 166, 170, 612 P.2d 668, 670; Courser v. Darby School Dist. No. 1 (1984), 214 Mont. 13, 16, 692 P.2d 417, 418; Correa v. Rexroat Tile (1985), 217 Mont. 126, 128, 703 P.2d 160, 162; Ogren v. Bitterroot Motors, Inc. ( 1986), 222 Mont. 515, 520, 723 P.2d 944, 947; Hetland v. Magnum Petroleum (1987), 225 Mont. 389, 391, 733 P.2d 343, 345; Buhl v. Warm Springs State Hosp. (1989), 236 Mont. 363, 364, 769 P.2d 1258, 1259. The exceptions to this general rule of no coverage typically involve cases in which the employee is paid for his or her travel and/or the travel benefits the employer. Hetland, 225 Mont. at 391, 733 P.2d at 345; Courser, 214 Mont. at 16, 692 P.2d at 418-19.

¶12    In 1987, the Legislature enacted a statute specifically addressing travel. This statute, § 39-71-407, MCA (1995), was in effect at the time of Heath's injury and provides in pertinent part:

(1) Each insurer is liable for the payment of compensation, in the manner and to the extent provided in this section, to an employee of an employer that it insures who receives an injury arising out of and in the course of employment or, in the case of death from the injury, to the employee's beneficiaries, if any.

...

(3) An employee who suffers an injury or dies while traveling is not covered by this chapter unless:

(a)(i) the employer furnishes the transportation or the employee receives reimbursement from the employer for costs of travel, gas, oil, or lodging as a part of the employee's benefits or employment agreement; and

(ii) the travel is necessitated by and on behalf of the employer as an integral part or condition of the employment; or

(b) the travel is required by the employer as part of the employee's job duties.

¶13   In State Comp. Mut. Ins. Fund v. James (1993), 257 Mont. 348, 849 P.2d 187, we noted that this statute encompassed the historical "going and coming" rule as well as the exceptions which had evolved to it over the years. James, 257 Mont. at 350, 849 P.2d at 188-89. Accord Dale v. Trade Street, Inc. (1993), 258 Mont. 349, 357, 854 P.2d 828, 832-33; Carrillo v. Liberty Northwest Ins. (1996), 278 Mont. 1, 8, 922 P.2d 1189, 1194.

¶14   In James, we stated:

Under subparagraph (b), [of § 39-71-407(3)] the employee is not covered unless the travel is required as "part of" the employee's job duties. Prior to the enactment of the above statute, we held in Massey v. Selensky (1987), 225 Mont. 101, 731 P.2d 906, that the general rule was that travel to and from an employee's place of work was outside the course and scope of his employment. We here construe the phrase "as part of" from paragraph(b) of § 39-71-407(3), MCA, as equivalent to the phrase "in the course and scope of" employment from the previous common law.

James, 257 Mont. at 352, 849 P.2d at 190.

¶15   Here, applying the facts of this case to the elements of the statute as interpreted in James and our prior case law, it is clear that Heath cannot satisfy the statutory exception in order to claim compensation for injury while traveling.

¶16   Heath was traveling to work at the time of her slip and fall. It is undisputed that the City did not furnish Heath transportation nor did it reimburse her for any costs of travel, gas, or oil as part of her benefits or employment agreement. Heath's travel was not necessitated by or on behalf of her employer as an integral part or condition of her employment and, of particular importance here, Heath's travel was not required by her

employer as part of her job duties. She was simply on her way to work. In this regard, the Workers' Compensation Court correctly noted that going to and from work does not in itself provide a special benefit to the employer. "If merely securing the employee's presence at work is in every case a `special benefit,' the exception swallows up the rule." Buhl, 236 Mont. at 365, 769 P.2d at 1259. Clearly, on the facts here and given the requirements of the statute and our prior case law, Heath was not in the course and scope of her employment when she was injured traveling to work.

¶17    Notwithstanding, Heath argues that our decision in Nicholson v. Roundup Coal Mining Co. (1927), 79 Mont. 358, 257 P. 270, mandates a different result. In that case we stated:

The employer has control of the ways of ingress and egress within its property and leading to and from the place of work, and it is universally held that, where an industrial accident occurs while an employee is going to or from work while on the premises of the employer and while passing over ways of egress and ingress furnished by the employer, without deviation for purposes of his own, an injury suffered by reason of the accident arose out of and in the course of his employment, as he was under the protection of, and using the things furnished him by, his employer. Nicholson, 79 Mont. at 379-80, 257 P. at 276.

¶18    In further support of her position that her case falls outside the statute because her accident did not occur away from the employer's premises, Heath cites to several pages of Volume 4 of Larson's Workers' Compensation Law. The cited sections state that benefits are properly awarded to the injured employee under circumstances where the employee travels along or across a public road between two portions of the employer's premises either going, coming or pursuing his active duties. This view would include travel on a parking lot owned or maintained by the employer and an off-premises route of travel which lies on the normal route which employees must traverse to reach their employment. Heath contends that where the employee is injured on the employer's premises or within the "zone of employment," compensation should be awarded for injuries sustained. Heath maintains that because the City maintained the sidewalk on which she fell she was, thus, on her employer's premises and that the going and coming rule does not apply.

¶19    We rejected a similar contention in Griffin v. Industrial Acc. Fund (1940), 111 Mont. 110, 106 P.2d 346, wherein we stated:

The rule has been settled in this state that a workman is not entitled to compensation for injuries received while traveling to and from his place of work by an instrumentality not under the control of the employer, and when he is subjected only to the ordinary street hazards common to all pedestrians. [Citing Murray Hospital v. Angrove, supra.] Here it is true that the instrumentality causing the injury--the sidewalk--was an instrumentality under the control of the employer--the city; in other words, the injury occurred on premises under the control of the employer. But unless the instrumentality causing the injury, or the premises on which the injury occurred were used in connection

with the actual place of work where the employer carried on the business in which the employee was engaged, there can be no recovery.

Griffin, 111 Mont. at 115, 106 P.2d at 348 (emphasis added) (citations omitted).

¶20    Here, Heath was not required to drive to work, was not assigned a parking space or provided with any special parking area, and was traversing a public sidewalk when injured. She had not reached the sidewalk leading into her workplace and was, therefore, not on a sidewalk used only by employees or persons conducting City business. See McMillen v. Arthur G. McKee and Company (1975), 166 Mont. 400, 404, 533 P.2d 1095, 1097 ("the sidewalk was not used by the employer in carrying on his business in which the employee was employed and consequently the employee was injured only by an ordinary street hazard common to all pedestrians").

¶21    While Heath attempts to distinguish Griffin on the basis that her place of injury "did not occur at a location distant from the place of employment" our decision in Voorhies v. Park Cafe, Inc. (1978), 175 Mont. 232, 573 P.2d 202, made clear that the legal principle applicable to sidewalks and other public ways does not fade or disappear as the worker gets closer to her place of employment. We stated:

There is no legal support in the record to suggest that Montana has recognized the so-called "special hazard" doctrine. The fact there was ice in the alley [behind claimant's place of employment and where she parked her vehicle] would not present a special hazard for cafe employees. Any person traversing the alley would be subject to the same condition.

Voorhies, 175 Mont. at 234, 573 P.2d at 203.

¶22    Furthermore, the facts in the case at bar are distinguishable from Nicholson. In that case a coal miner died of shock when he was exposed to extreme temperature fluctuations as he exited the mine through a tunnel into which outside air was being forced. We agreed that the miner's death occurred in the course of his employment and that he was "placed in a position wherein he was ... specially and peculiarly subject to a risk and danger not shared by members of the community generally. ..." Nicholson, 79 Mont. at 379, 257 P. at 275. There, the tunnel was part of the employer's premises and was used by miners to enter and leave the mine and was not open to the general public. That is obviously not the fact situation in this case. Heath was injured when she slipped and fell on a public sidewalk adjacent to her employer's premises and she was not specially and peculiarly subject to any risk and danger not shared by members of the community generally.

¶23    Moreover, we made clear in Strickland v. State Comp. Mut. Ins. Fund (1995), 273 Mont. 254, 901 P.2d 1391, that whether injuries sustained while traveling to and from work are compensable is governed solely by § 39-71-407, MCA, and that subsection (3) of this statute "provides the only circumstances under which an employee's travel-related injuries are compensable." Strickland, 273 Mont. at 258-59, 901 P.2d at 1394.

¶24    Finally, Heath attempts to avoid the statutory requirements on the basis that at the time of her slip and fall she was no longer traveling to work but, in fact, had arrived. Heath's argument, however, is not supported by the record. In her deposition Heath admitted that at the time of her fall she was still on her way to work.

Q. At the time of--what is your best estimate of what the time was when you fell?

A. I would say once again probably between 25 and 20 till the hour of 8:00.

Q. And you were not being paid at that time, is that right?

A. That is correct.

Q. Your shift hadn't started at that time?

A. Correct.

Q. And you weren't performing any work related duties at that time?

A. Correct.

Q. Just on your way to work?

A. Correct.

Q. On a sidewalk that the general public traverses also, is that right?

A. That's correct.

Q. Coming from a parking lot where the general public parks?

A. They can, correct.

¶25    In summary, we conclude that on the undisputed facts in this case, Heath is not entitled to workers' compensation benefits for the injury which she sustained traveling to her place of employment. She has failed to satisfy the requirements of § 39-71-407(3), MCA, and accordingly, her petition was properly dismissed with prejudice by way of summary judgment.

¶26    Affirmed.

CHIEF JUSTICE TURNAGE, JUSTICES HUNT, GRAY and TRIEWEILER concur.