**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCHDALE INSURANCE COMPANY, | No. 20-35586 |
| Plaintiff-Appellee, | D.C. No. 9:19-cv-00068-DWM |
| v. | |
| SKYLAR DIXON, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| FELDER & COMPANY, LLC, DBA Stillwater Fish House, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted June 8, 2021**
Portland, Oregon

Before: WARDLAW, HURWITZ, Circuit Judges, and BOLTON,*** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Susan R. Bolton, United States District Judge for the

Judge.

Skylar Dixon was injured in a car accident on his way home from work. After Dixon sued his employer for negligence, its workers' compensation insurer—Rochdale Insurance Company—filed this diversity action, seeking a declaration that Dixon's injuries did not fall within the employer's policy because they did not "arise out of and in the course of his employment." The district court granted summary judgment to Rochdale. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, *Fitzgerald Living Tr. v. United States*, 460 F.3d 1259, 1263 (9th Cir. 2006), we affirm.

The Montana Supreme Court has interpreted the phrase "arise out of and in the course of employment" to cover claims that arise when an employee is providing some "reasonably immediate service to the employer." *Ogren v. Bitterroot Motors, Inc.*, 723 P.2d 944, 946 (Mont. 1986) (quoting *Morgan v. Indus. Acc. Bd.*, 321 P.2d 232, 236 (Mont. 1958)). Montana has also adopted the familiar "going-and-coming" rule, which, subject to several, limited exceptions, denies recovery "for injuries sustained by an employee traveling to or from the regular work place." *Ogren*, 723 P.2d at 947 (quoting *Courser v. Darby Sch. Dist. No. 1*, 692 P.2d 417, 418 (Mont. 1984)).

Dixon's accident—which happened on his way home, after he clocked out,

---

District of Arizona, sitting by designation.

after the restaurant closed, and four miles from the restaurant—falls squarely within the purview of the going-and-coming rule. *See, e.g.*, *Voorhies v. Park Cafe, Inc.*, 573 P.2d 202, 204 (Mont. 1978); *Hetland v. Magnum Petroleum*, 733 P.2d 343, 345 (Mont. 1987); *Heath v. Mont. Mun. Ins. Auth.*, 959 P.2d 480, 482–85 (Mont. 1998). None of the exceptions set forth by the Montana Supreme Court to that rule in *Hagerman v. Galen State Hospital*, 570 P.2d 893, 894 (Mont. 1977), apply to this case. *See Ogren*, 723 P.2d at 947–48. Although Dixon contends that a "special hazard exception" applies, the Montana Supreme Court has not adopted that exception to the going-and-coming rule. *See Heath*, 959 P.2d at 484 (citing *Voorhies*, 573 P.2d at 203).

**AFFIRMED.**