No. 91-104

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992


LAURIE L. SMITH,

      Claimant and Appellant,

  v.

UNITED PARCEL SERVICE,

      Employer,

  and

LIBERTY MUTUAL INSURANCE CO.,

      Insurer and Respondent.

FILED

JUL 21 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   The Workers' Compensation Court,
               The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Kenneth H. Grenfell argued, McChesney,
          Grenfell & Ogg, Missoula, Montana

      For Respondent:

          Larry W. Jones argued, Garlington, Lohn
          & Robinson, Missoula, Montana


                        Submitted:  May 28, 1992

                        Decided:  July 21, 1992

Filed:

_____
           Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Laurie L. Smith appeals the judgment of the Workers' compensation Court which held that her 1986 back injury, sustained in the course and scope of her employment at UPS, was not the proximate cause of her current permanent partial disability. The court held that appellant's current disability resulted from a separate injury occurring in July 1989, and denied her permanent partial disability benefits for her current disability under § 39-71-703, MCA (1985).

We affirm.

Appellant raises various issues for this Court to consider. However, we find the following issues to be dispositive:

1. Did the Workers' Compensation Court err when it adopted respondent's proposed findings of fact and conclusions of law almost verbatim?

2. Was there substantial credible evidence to support the Workers' Compensation Court's findings of fact that claimant's injury was not proximately caused by an industrial accident which occurred at UPS?

Prior to her injury, appellant worked for UPS as a preloader and part-time driver. On March 24, 1986, she injured her back when lifting a package. On April 11, 1986, she returned to work in a light-duty capacity, and later in the month she worked again as a preloader. In July 1986, she left UPS because she continued to have back problems and decided to attend college at Portland State.

While at Portland State, appellant played women's basketball, worked 20 hours per week at a pizza parlor, and carried a full credit load of classes. Appellant testified that she continued to have back problems during this period. However, she never reported any back problems when undergoing a required physical examination for Portland State basketball players. She quit basketball because of either a hamstring pull or continued back problems. After ending her basketball career, appellant increased her work hours at the pizza parlor.

Appellant returned to Missoula in July 1987. She continued her interests in athletics by playing soccer and running. Although appellant enjoyed these endeavors, she would occasionally have flair-ups of back pain which would result in the suspension of her activities until the pain subsided.

She began working for Gallagher Ceder Products bundling cedar shakes in July 1987. On her application for employment, appellant stated that she did not have a physical disability which would restrict her ability to perform her job. Initially, she began performing light-duty work, but in August 1987 she started heavy cedar shake bundling. It was at this time that appellant began to experience increasing back pain. She then filed a workers' compensation claim through Gallagher Cedar Products. The State Fund awarded her temporary total disability benefits and medical benefits.

Because appellant was concerned about reinjuring her back, she left Gallagher Cedar Products and became a manager at Torrey's Home

3

Cooking in Missoula. She also started to experience back pain while working in this position, which led her to forgo her athletic activities until the pain subsided. She then filed a workers' compensation claim relating to her reinjury at Torrey's restaurant and received ten weeks of temporary total disability benefits.

At the time of trial, appellant had been working for Azimuth, Inc., a geotechnical service company, where she had done surveying and claim staking for approximately one and one-half years. Her duties include hiking on hilly terrain, digging holes for survey monuments, and carrying a pack frame that weighs about 25 to 30 pounds.

The location and type of symptoms the appellant now claims are disabling, are the same symptoms in the same body areas as those affected after her injury at Gallagher Cedar Products. Appellant asserts that because of her condition she can no longer play college basketball, work at a pizza parlor, or work at Torrey's Home Cooking or Gallagher Cedar Products. Appellant filed a workers' compensation claim against UPS alleging that her initial injury from her industrial accident at **UPS** was the proximate cause of her disabling condition.

On May 8, 1990, trial was held. The record was left open for the taking of post-trial depositions. The Workers' Compensation Court ordered counsel, pursuant to stipulation by the parties, to simultaneously submit by mail proposed findings of fact and conclusions of law and supporting briefs on November 15, 1990. Defense counsel was granted a motion for an additional day to file.

The Workers' Compensation Court ordered the parties to serve reply briefs no later than November 30, **1990.** The court granted respondent's motion to allow parties to file reply briefs no later than December 5, **1990.**

On February **11, 1991,** the court issued its findings of fact and conclusions of law in favor of respondent. In the order, the court refusedto consider appellant's proposed findings of fact and conclusions of law and supporting brief because they were not timely filed. Appellant appeals the findings of the Workers' Compensation Court.

I.

Did the Workers' Compensation Court err when it adopted respondent's proposed findings of fact and conclusions of law almost verbatim?

Appellant asserts that she was prejudiced when the Workers' Compensation Court adopted respondent's proposed findings of fact and conclusions of law verbatim because appellant did not timely file her proposed findings of fact and conclusions of law.

The Workers' Compensation Court did adopt appellant's employment history almost verbatim from respondent's proposed findings of fact and conclusions of law. However, the Workers' Compensation Court independently adopted its own conclusions regarding the medical testimonies of Dr. Walter H. Peschel and Dr. Robert J. Seim, an orthopedic specialist. We hold that the Workers' Compensation Court did not abuse its discretion in not

considering appellant's untimely proposed findings of facts and conclusions of law.

## II.

Was there substantial credible evidence to support the Workers' Compensation Court's findings of fact that claimant's injury was not proximately caused by an industrial accident which occurred at UPS?

We will uphold the Workers' Compensation Court's findings if they are supported by substantial credible evidence. Tenderholt v. Travel Lodge International (1983), 218 Mont. 523, 526, 709 P.2d 1011, 1013. Even though conflicting evidence may exist in the record, it is the Workers' Compensation Court's, and not this Court's, duty to resolve such conflicts. Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 157, 557 P.2d 821, 823.

Dr. Seim, appellant's treating physician, testified that in his opinion, she would have had to have been asymptomatic for at least 12 months before he could conclude that her back problems resulted from the second employer. He also opined that she reached maximum medical improvement in the months after her first injury at UPS. In addition, appellant testified that she had no serious back problems while attending Portland State. She continued a full range of activities which included varsity basketball, a full college credit load, and working part-time.

Appellant contends that there was no evidence that a second injury occurred at Gallagher Cedar Products. The record reflects that appellant signed a claim for compensation which stated that

she hurt her back when she picked up a bundle of cedar shakes to put on a stack of bundles. Because of this claim, she received temporary total disability and medical benefits from the State Fund. In response to a question on the application for employment form for Gallagher Cedar Products, appellant stated that she did not have any physical condition which would limit her ability to perform her job. We hold that there was substantial credible evidence to support the Workers' Compensation Court's conclusion that appellant's back injury was not proximately caused by her industrial accident at UPS.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7