No. 93-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

JEFFREY S. ROSE,

      Claimant and Appellant,

  v.

BURDICK'S LOCKSMITH,

      Employer,

  and

STATE COMPENSATION MUTUAL INSURANCE FUND,

      Insurer and Respondent.

FILED

MAY 17 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   Workers' Compensation Court
             The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Richard J. Pyfer, Small, Hatch,
          Doubek & Pyfer, Helena, Montana

      For Respondent:

          Ann E. Clark, State Compensation
          Insurance Fund, Helena, Montana


                    Submitted on Briefs:  March 3, 1994

                            Decided:  May 17, 1994

Filed:

                           _____
                                Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Jeffrey Scott Rose appeals the judgment of the Workers' Compensation Court entered October 1, 1993, which found that he was not entitled to benefits for an injury allegedly suffered while employed by Burdick's Locksmith.

We affirm.

The issues on appeal are:

1. Was there substantial credible evidence to support the Worker's Compensation Court's findings that the claimant failed to establish that he suffered a compensable injury on July 24, 1992, while in the employ of Burdick's Locksmith?

2. Was there substantial credible evidence to support the Worker's Compensation Court's finding that the claimant failed to comply with the 30-day notice requirement of § 39-71-603, MCA?

Jeffrey S. Rose served in the armed forces and was discharged in 1972 due to a disability related to a knee injury. He received ongoing medical care for the knee injury and a pre-existing neck and shoulder problem at the Veteran's Administration Hospital. His prior employment included instructing gymnastics and diving. During the 1970s he was employed as a locksmith in California, Washington, and Oregon. In 1990, he began his own locksmith business in Helena. He became acquainted with Dan Burdick, the sole proprietor of Burdick's Locksmith, and the two discussed the possibility of Burdick purchasing his locksmith business.

On July 16, 1992, Rose was employed by Burdick's Locksmith to fill-in for another employee recovering from a medical problem.

2

Employees included Dan Burdick, his wife Claudia, a brother, and two or three other employees. Rose continued to perform his own business duties around Burdick's Locksmith business hours. Throughout Rose's employment with Burdick, the discussion continued concerning the sale of his locksmith business.

Rose alleged that while he was at work around noon on July 24, 1992, he helped co-employee Kelly Harris move an office file cabinet and that during the move he injured his neck and felt immediate pain in his back and arm. He maintained that he worked until mid-afternoon, at which time his wife drove him to the Veteran's Administration Hospital where he was treated for his neck injury.

On August 15, 1992, the employee whom Rose was filling in for, returned to work and Rose was laid off. On October 16, 1992, the State Fund received the physician's initial report and billing from the Veteran's Administration Hospital for Rose's visits of July 24 and September 22, 1992. On October 20, 1992, the State Fund received a compensation claim from Rose to recover disability and medical benefits for the July 24 injury. The State Fund received the employer's first report on October 29, 1992, and on November 20, 1992, the State Fund placed the claim under § 39-71-608, MCA, and paid wage loss compensation benefits under a reservation of rights pending further investigation.

After unsuccessful mediation between the parties, on June 2, 1993, trial was held before a hearing examiner. On October 1, 1993, the court issued findings of fact and conclusions of law and

entered judgment concluding that Rose failed to prove that he suffered a compensable injury, and also failed to meet the 30-day notice requirements within § 39-71-603, MCA. The court denied Rose's attorney fees and costs. Rose appeals the findings of the Workers' Compensation Court.

## ISSUE 1

Was there substantial credible evidence to support the Worker's Compensation Court findings that the claimant failed to establish that he suffered a compensable injury on July 24, 1992, while in the employ of Burdick's Locksmith?

Upon review, this Court will uphold the lower court's findings where such findings are supported by substantial credible evidence. Smith v. United Parcel Service (1992), 254 Mont. 71, 835 P.2d 715. When conflicting evidence is presented and the credibility of witnesses or weight of their testimony is a pivotal point of the lower court's findings, this Court will not substitute its judgment for that of the lower court. Smith-Carter v. AMOCO Oil Co. (1991), 248 Mont. 505, 813 P.2d 405.

In the present case, both parties presented conflicting evidence as to whether Rose was injured, and the Workers' Compensation Court based its findings upon the credibility of the parties.

Rose presented evidence that he injured his neck on July 24, 1992, when he helped Kelly Harris move an office file cabinet. Harris denied that he helped him move the cabinet or that he was injured.

4

Rose also stated that on the day of the injury he left work at 2:30 p.m. to see a doctor concerning that injury. However, the doctor's medical notes from his July 24 visit stated that he was returning for a follow-up visit for a pre-existing medical problem of neck pain which was exacerbated by an injury at work. Rose testified that it was coincidence that he showed up at the Veteran's Administration Hospital on an emergency basis on July 24 at 3:00 p.m., the exact date and time of his appointment which was previously scheduled in June 1992.

The medical records reveal that prior to the alleged July 24 injury, Rose was treated for neck and shoulder problems. On February 28, 1992, Dr. Harris Hanson stated in part:

> This 38 year old man seen in consultation with a history of neck pain associated with a pain in the right axilla down the medial aspect of the upper arm and into the right forearm in the radial aspect.

The following medical report by Dr. Alex Johnson, dated March 3, 1992, reveals treatment four months prior to the alleged injury:

> Beginning about a year ago he began to gradually experience bouts of pain, first in the neck and shoulder area progressing into the medial upper arm and then into the posterior forearm distally as far as the wrist, all on the right side.

Since October 1992, Rose was examined and treated by Dr. Weinert, a specialist in physical medicine and rehabilitation. Dr. Weinert's report also indicates that Rose complained of pain associated with lifting "a heavy shelf" at work and that the condition was pre-existing.

5

The court considered yet another inconsistency concerning Rose's injury by referring to a medical form completed by him during the July 24 doctor's visit where he answered in the negative when asked whether his medical need was related to work and whether his medical need was due to an accident.

The court also noted its concerns with Burdick's credibility because he was recently found to be underpaying premiums due to improper employee classification. Also, he testified that he considered only catastrophic injuries to be compensable under the workers' compensation guidelines.

The court, after weighing all of the evidence, found that while both parties have made obvious self-serving statements, Rose failed to meet his burden to prove by a preponderance of the evidence that he was entitled to benefits under § 39-71-407, MCA. The court found several inconsistencies in Rose's testimony and stated the following:

> His [Rose's] credibility is diminished by his pre-existing medical condition, his fabrications about how he injured his knee in the military, his denial on the V.A. Hospital forms that his problem was work connected, and the fact that no disability or injury [was] ever noticed to the employer until after claimant was laid off and the possible sale of his business fell through.

Upon our review of the entire record we hold that there is substantial credible evidence to uphold the Workers' Compensation Court's findings that Rose failed to prove that he suffered compensable injury on July 24, 1992, while in the employ of Burdick's Locksmith.

6

Was there substantial credible evidence to support the Worker's Compensation Court's finding that claimant failed to comply with the 30-day notice requirement of § 39-71-603, MCA?

Section 39-71-603, MCA, requires a person claiming benefits under the Worker's Compensation Act must give notice within 30 days after the occurrence of the injury to the employer or the employer's insurer; notice is also met by the actual knowledge of the injury by the employer or a managing agent or superintendent in charge of the employee's work.

The parties submitted conflicting evidence concerning whether Rose gave notice within 30 days after the injury. Rose argues that the court erred in finding that he failed to give notice because Harris was the superintendent in charge of the work place when Burdick was gone, and had notice of the injury because he was present when the injury occurred and he knew Rose left work for treatment in the early afternoon.

Harris denied that he knew about the injury or that Rose left work for treatment. Both Harris and Burdick, as well as other employees, denied that Harris was the supervisor of the shop or held himself out as such. Burdick testified that Rose gave him notice by telephone on October 3, 1992, after he was laid off and Burdick was no longer interested in the sale of his business.

The following information in the record supports that Rose did not give notice within the 30-day time limit: the State Fund received the physician's initial report of the injury on

October 16, 1992, received Rose's compensation claim on October 20, 1992, and received the employer's first report on October 29, 1992.

In our review of the entire record, we hold that the court's findings that the employer did not have notice of Rose's injury pursuant to § 39-71-603, MCA, is supported by substantial credible evidence.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8