NO. 94-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

JOLANDA "SUSIE" GLAUDE,

      Petitioner and Appellant,

-vs-

STATE COMPENSATION INSURANCE FUND,

      Respondent and Respondent.

FILED

MAY 4 - 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court, State of Montana,
               The Honorable Mike **McCarter**, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        Steve Fletcher; Bulman Law Associates, Missoula,
        Montana

      For Respondent:

        Charles Adams, State Fund Legal Counsel, Helena,
        Montana

Submitted on Brierfs:  April 6, 1995

Decided:    May 4, 1995

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Jolanda "Susie" Glaude (Glaude) appeals from an order of the Workers' Compensation Court dismissing her petition against the State Compensation Insurance Fund (State Fund) for failure to state a claim upon which relief can be granted. We reverse.

## Background

Glaude's petition alleges that she was injured on November 17, 1993, in the course of her employment as a pilot car driver for Don Ellis. The petition states that Don Ellis was an uninsured independent sub-contractor hired by Transit Homes of America (Transit). Transit, in turn, was an uninsured independent contractor hired by Rangitsch Brothers Mobile Homes (Rangitsch). Rangitsch was enrolled under compensation plan III of the Workers' Compensation Act and is insured by State Fund.

On July 19, 1994, Glaude filed her petition for workers' compensation benefits, naming State Fund as the respondent. On August 10, 1994, State Fund responded to Glaude's petition and filed a motion to dismiss. On September 21, 1994, the Workers' Compensation Court entered its order dismissing Glaude's petition for failure to state a claim upon which relief could be granted.

The sole issue we address is whether the Workers' Compensation Court erred in dismissing Glaude's petition for failure to state a claim upon which relief could be granted.

## Standard of Review

We have stated that a court's determination that a complaint

2

failed to state a claim is a conclusion of law. *Boreen v. Christenson* (Mont. 1994), 884 P.2d 761, 762, 51 St.Rep. 1014, 1015. We review the Workers' Compensation Court's conclusions of law to determine if the court's determination of the law is correct. *Stordalen v. Ricci's Food Farm* (1993), 261 Mont. 256, 258, 862 P.2d 393, 394.

We have announced some general considerations regarding dismissals for failure to state a claim. We have stated that:

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.

*Boreen*, 884 P.2d at 762 (quoting *Willson v. Taylor* (1981), 194 Mont. 123, 126, 634 P.2d 1180, 1182)

Discussion

Section 39-71-405(1), MCA, states:

> An employer who contracts with an independent contractor to have work performed of a kind which is a regular or a recurrent part of the work of the trade, business, occupation, or profession of such employer is liable for the payment of benefits under this chapter to the employees of the contractor if the contractor has not properly complied with the coverage requirements of the Workers' Compensation Act. Any insurer who becomes liable for payment of benefits may recover the amount of benefits paid and to be paid and necessary expenses from the contractor primarily liable therein.

State Fund argues that the plain language of the statute would extend Rangitsch's coverage to employees of Transit, the uninsured contractor with whom Rangitsch directly contracted, but cannot be

3

read to extend Ranqitsch's coverage to employees of Don Nelson, the uninsured subcontractor with whom Transit contracted.

Glaude contends that § 39-71-405(1), MCA, read in conjunction with § 39-71-117(4), MCA, extends Ranqitsch's coverage to Glaude. Section 39-71-117(4), MCA, reads:

> (4) Notwithstanding the provisions of subsection (3), an interstate or intrastate common or contract motor carrier doing business in this state who utilizes drivers in this state is considered the employer, is liable for workers' compensation premiums, and is subject to loss experience rating in this state unless:
> (a) the driver in this state is certified as an independent contractor as provided in 39-71-401(3); or
> (b) the person, association, contractor, firm, or corporation furnishing drivers in this state to a motor carrier has obtained workers' compensation insurance on the drivers in Montana both at the inception of employment and during all phases of the work performed.
> [Emphasis added.1

Glaude argues that § 39-71-117(4), MCA, operates to make Transit, as a common motor carrier, her employer.

All that needs to be shown to survive a motion for judgment for failure to state a claim is that there is a set of facts under which the claimant could recover. Boreen, 884 P.2d at 762. We have stated that:

> As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim.

Wheeler v. Moe (1973), 163 Mont. 154, 161, 515 P.2d 679, 683.

Here, there is a set of facts under which Glaude could recover. If Transit is determined to be an interstate or intrastate common motor carrier and neither of the exceptions in §

4

39-71-117(4)(a) or (b), MCA, apply, then Transit may be considered Glaude's employer. If that determination is made, then applying § 39-71-405(1), MCA, in conjunction with § 39-71-117(4), MCA, Rangitsch's workers' compensation insurance applies to Glaude as Transit's employee.

State Fund argues that § 39-71-117(4), MCA, is intended to apply only to premiums and experience ratings, not to benefit or claim liabilities. However, § 1-2-107, MCA, states that "[w]henever the meaning of a word or phrase is defined in any part of this code, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." Here, Transit was an independent contractor working for Rangitsch. To properly determine who qualifies as Transit's employee under § 39-71-405(1), MCA, reference must be made to § 39-71-117(4), MCA.

State Fund also argues that Glaude is barred from making this combined statutory argument on appeal since it was not raised in the Workers' Compensation Court. In support, State Fund cites Sherrod v. Morrison-Knudsen (1991), 249 Mont. 282, 815 P.2d 1135. In Sherrod, the plaintiff was attempting to recover on a contract claim based on fraud. On appeal, the plaintiff for the first time raised the argument that it should recover under a mutual mistake theory. In refusing to address the mutual mistake theory, we stated that we will not address a "theory" raised for the first time on appeal. Sherrod, 815 P.2d at 1137.

Here, Glaude has constantly argued that she is entitled to

benefits under the correct application of § 39-71-405(1), MCA. In order to properly apply that statute, this Court must examine the statute in relation to another statute which effects the terms contained in § 39-71-405(1), MCA. "A general rule of statutory construction is that when several statutes may apply to a given situation, the construction adopted should be one which will harmonize the several statutes and, if possible, give effect to all." Montana Power Co. v. Fondren (1987), 226 Mont. 500, 506, 737 P.2d 1138, 1141. In the present case, the definition of employer in § 39-71-117(4), MCA, may determine the appropriate application of § 39-71-405(1), MCA. We will not ignore the correct application simply because § 39-71-117(4), MCA, was not cited below.

Since we determine that, under a given set of facts not yet adduced in the Workers' Compensation Court, Glaude may be able to recover under her petition, we reverse the Workers' Compensation Court's order dismissing Glaude's petition for failure to state a claim upon which relief can be granted. For this reason, we reverse and remand for further proceedings.

_W. William Deuphunt_
Justice

We concur:

_Jerry Treiweiler_

_[signature]_

William E Hunt Sr

Karla M Gray

Justices