NO.   94-534

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


JANET STRICKLAND,

        Petitioner and Appellant,

    v.

STATE COMPENSATION MUTUAL INSURANCE FUND,

        Respondent and Insurer for

JOSEPH W. TACKETT,

        Employer

FILED

SEP 14 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:    The Workers' Compensation Court,
                The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Roger M. Sullivan and Allan M. McGarvey,
                McGarvey, Heberling, Sullivan & McGarvey,
                Kalispell, Montana

        For Respondent:

                Charles G. Adams, Legal Counsel, State
                Compensation Insurance Fund, Helena, Montana


                        Submitted on Briefs:   July 6, 1995

                                Decided:   September 14, 1995

Filed:

_____
            Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The appellant, Janet Strickland, filed a petition in the Workers' Compensation Court for the State of Montana, in which she sought compensation from the State Compensation Mutual Insurance Fund for injuries she sustained in a two-car accident. The court denied Strickland's claim on the basis that, at the time of the accident, she was not acting in the course and scope of her employment. Strickland appeals from the judgment which denied her petition. We affirm the Workers' Compensation Court.

Strickland raises the following issues:

1. Was there substantial evidence to support the Workers' Compensation Court's finding that Strickland was on a personal errand at the time of her car accident?

2. Assuming she was on a personal errand at the **time** of her accident, did the Workers' Compensation Court correctly conclude that Strickland was not acting in the course and scope of her employment?

## FACTUAL BACKGROUND

On August 21, 1992, Janet Strickland was employed by Joe and Sherry Tackett at the Tacketts' restaurant, Steaks n' Stuff, west of Columbia Falls in Flathead County. She arrived at work between 3:00 and 4:00 p.m. At approximately 4:00, Strickland left the restaurant to run an errand.

Sometime after Strickland left Steaks n' Stuff, apparently on her return from the nearest convenience store, a car, which was

2

traveling south on Highway 40 at a high rate of speed, struck her vehicle.

Strickland suffered serious head injuries as a result of the collision and was comatose for approximately six weeks. At the **time** of **trial,** Strickland still experienced significant adverse effects due to the accident, including difficulty remembering events during the period just prior to the accident until approximately eight weeks after the accident, or two weeks after Strickland awoke from the coma.

On August 24, 1992, three days after the accident, Strickland's husband, Wayne, filed a workers' compensation claim for her. In the claim, Wayne stated that Janet had gone on a shopping errand for Steaks n' Stuff and that the accident occurred during her return to work.

The issues raised by Strickland's petition and the State Fund's answer were tried before the Workers' Compensation Court on March 2, 1994. Marla Handford was called as a witness by the State Fund. She identified herself as Steaks n' Stuff's head cook and Strickland's supervisor on the afternoon of her accident. Handford testified that during the **time** prior to Strickland's departure from work, she had complained of cramps and at least inferred a desire to locate and take an analgesic, such as Midol, that was stronger than aspirin. Additionally, Handford testified that Strickland wanted to purchase a newspaper in order to search for new office

3

space for her husband's business.   Testimony from Tackett and an additional witness corroborated Handford's version of events.

Strickland testified that Handford directed her to go to the Trumble Creek Hub in order to purchase a National Inquirer and a National Examiner.   In support of Strickland's version of events, an investigator, Bob Evans, testified that 10 or 11 days after the accident,  he examined Strickland's car and found within it a National Inquirer and a National Examiner.   Furthermore, Wayne Strickland testified that on the day of the accident, while at the hospital, he spoke with Joe Tackett, who stated that Handford told him that she felt the accident was her fault because she had sent Strickland to the store.

Handford  unequivocally  denied  sending  Strickland  anywhere. She also testified that after Strickland had decided to go to the store for personal reasons, she might have asked her to bring back something for her (Handford) to read.   She gave the following testimony:

Q:    [RESPONDENT'S ATTORNEY] Do you remember whether or not you sent her out?

A.   No,  I didn't send her anywhere.

Q.    You're certain of that?

A.    I'm certain of that.

.  .  .

Q.    You don't recall saying, Would you get me something to read?

A.    No.

A.  .  You  know, we were friends and we were talking and giggling and laughing.  I don't remember if I--I said, Well, if you're going to get something to read, I'll have something too, you know, pick me up something too.

The Workers' Compensation Court found Handford's version of the events more credible that Strickland's, in part because of the length of Strickland's coma and the fragmentary nature of her memory concerning the day of the accident.  It also found that Wayne's testimony was not credible.  The court found that Strickland was on a personal errand at the time of the accident.  Accordingly, the court concluded that Strickland was not acting within the course and scope of her employment at the time of the accident, and therefore, denied Strickland's petition for workers' compensation benefits.

ISSUE 1

Was there substantial evidence to support the Workers' Compensation Court's finding that Strickland was on a personal errand at the time of her car accident?

We will review the Workers' Compensation Court's findings of fact to determine whether substantial evidence supports the findings.  *Wunderlich v. Lumbermens Mutual Casualty Co.* (Mont. 1995) , 52 St. Rep. 251, 253 (citing *Smith v. United Parcel Service* (1992) , 254 Mont. 71, 75, 835 P.2d 717, 720). We stress this standard of review in light of Strickland's assertion that we have "vacillated" between the "substantial evidence" and "clearly erroneous" standards in

5

relation to the Workers' Compensation Court's findings of fact. Assuming *arguendo* that we have vacillated in this respect, *Buckentin v. State Compensation Mutual Insurance Fund* (1994), 265 Mont. 518, 878 P.2d 262, makes clear that our employment of the clearly erroneous standard in *Bogle v. Ownerrent Rent to Own* (1994), 264 Mont. 515, 872 P.2d 800, was incorrect. *Buckentin*, 878 P.2d at 263.

Strickland contends that substantial evidence did not support the Workers' Compensation Court's finding that she was engaged in a personal errand at the time of her accident. In support of this contention, she cites physical evidence which is inconsistent with Handford's version of events and suggests that Handford's testimony was too equivocal to directly contradict her own evidence.

The State Fund responds that Handford's testimony provided substantial evidence in support of the court's critical finding and that because Handford's and Strickland's testimony were contradictory regarding the nature of Strickland's errand, this Court must defer to the Workers' Compensation Court's resolution of that factual issue. The State Fund notes, and we agree, that this Court is not in a position to independently assess either witness credibility or the weight to be given to a witness's testimony.

In support of its argument, the State Fund cites *Wunderlich*, in which we held that substantial evidence consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance of the evidence. *Wunderlich*, 52 St. Rep at 253. By that standard, the State Fund contends that Handford's testimony

6

satisfied the requirement of substantial evidence. We agree, and further note that "[t]he direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact . " Section 26-1-301, MCA.

For these reasons, and based on the testimony of Marla Handford and our review of the entire record, we conclude there was substantial evidence to support the Workers' Compensation Court's finding that Strickland was engaged in a personal errand at the time of her motor vehicle accident.

<u>ISSUE 2</u>

Assuming she was on a personal errand at the time of her accident, did the Workers' Compensation Court correctly conclude that Strickland was not acting in the course and scope of her employment?

We review the Workers' Compensation Court's conclusions of law to determine whether they are correct. *Glaude v. State Comp. Ins. Fund* (Mont. 1995), 894 P.2d 940, 941, 52 St. Rep. 367 (citing *Stordalen v. Ricci's Food Farm* (1993), 261 Mont. 256, 258, 862 P.2d 393, 394).

Strickland asserts that even if she was on a personal errand at the time of the accident, she was, nonetheless, acting within the course and scope of her employment. She bases this contention on the "personal comfort" and "rest break" doctrines described at Larson's Workers' Compensation Law, Vol. 1A § 21.00, at 5-5, and Vol. 1 § 15.54, at 4-116.38, 4-116.40, respectively, and our prior decision in *Steffes v. 93 Leasing Co.* (1978), 177 Mont. 83, 580 P.2d 450.

7

However, whether injuries sustained while traveling to and from work are compensable is governed by statute in Montana; see § 39-71-407, MCA (1987), and *State Fund v. James* (1993), 257 Mont. 348, 849 P.2d 187, and *Steffes* was decided before the effective date of that statute

Section 39-71-407(3), MCA, provides the only circumstances under which an employee's travel-related injuries are compensable. That section provides, in relevant part:

> An employee who suffers an injury . . . while traveling is not covered by this chapter unless:
> (a) (i) the employer furnishesthethetransportationor the employee receives reimbursement from the employer for costs of travel, gas, oil, or lodging as a part of the employee's benefits or employment agreement; and
> (ii) the travel is necessitated by and on behalf of the employer as an integral part or condition of the employment; or
> (b) the travel is required by the employer as part of the employee's job duties.

Strickland used her own vehicle to run the errand. Nothing in the record establishes that Tackett reimbursed Strickland for the costs of running the errand and, as previously discussed, the Workers' Compensation Court specifically found that Strickland's employer did not require that she make the trip she was on at the time of her injuries. Since we have previously held that that finding was supported by substantial evidence, we conclude that Strickland was not acting within the *course* and scope of her employment **at** the **time** she was injured, and that the Workers' Compensation Court, therefore, correctly concluded that her **claim** is not compensable.

8

For these reasons, we affirm the judgment of the Workers' Compensation Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

Justice W. William Leaphart, dissenting.


I dissent from the Court's conclusion that there was substantial evidence to support the Workers' Compensation Court's finding that: "claimant left work on a personal errand to purchase a newspaper and possibly an analgesic [Midol]." Despite Marla Handford's testimony as to the newspaper and Midol, the record shows no physical evidence to support the position that Janet Strickland was on a personal errand. Neither Midol nor a Daily InterLake newspaper was found in Strickland's car. If, as Handford claimed, Strickland were returning from a personal trip to the store to purchase these items, where were they? Additional evidence refutes the assertion that Strickland was on a personal trip. Strickland had no need for Midol, she did not have her period, she was not premenstrual, and she testified that she does not suffer from menstrual cramps and has never used Midol. Since Strickland subscribed to the Daily InterLake, there was no reason for her to purchase the paper. Although this Court defers to the Workers' Compensation Court on questions of witness credibility, the complete lack of physical evidence to support the State Fund's position that Strickland was on a personal errand overrides the credibility assigned to Handford by the Workers' Compensation Court. I find that substantial evidence does not support the Workers' Compensation Court's finding that Strickland was engaged

in a personal errand at the time of her accident.

_____
Justice

Justice William E. Hunt, Sr., joins in the foregoing dissent of Justice W. William Leaphart.

_____
Justice

11

September 14, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Roger M. Sullivan, Allan M. McGarvey
McGarvey, Heberling, Sullivan & McGarvey
745 South Main
Kalispell MT 59901

Charles G. Adams, Legal Counsel
State Compensation Insurance Fund
Box 4759
Helena MT 59604-4759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:&- *Gallagher*
Deputy