No. 95-426

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

SUZANNE E. SOUTH,

      Plaintiff & Appellant,

  v.

TRANSPORTATION INSURANCE CO,

      Respondent/Insurer for

COMBUSTION ENGINEERING,

      Respondent/Employer.

APPEAL FROM:    Workers' Compensation Court
                 The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Don Edgar Burris, Billings, Montana

      For Respondent:

      Todd A. Hammer, Warden, Christiansen, Johnson &
      Berg, Kalispell, Montana

Submitted on Briefs:  January 4, 1996

Decided:  March 18, 1996

Filed:

FILED
MAR 18 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant Suzanne E. South (South) appeals the decision of the Montana Workers' Compensation Court denying her petition to rescind a settlement agreement arising from her 1986 back injury. We reverse.

The sole issue on appeal is whether the Workers' Compensation Court erred in refusing to rescind the settlement agreement.

FACTS

South sustained an on-the-job injury to her back in 1986. She underwent back surgery in late 1986 and again in 1988 to alleviate her back problems. Both surgeries were on the "L5/S1" level of her spine. In 1990, she entered into a full and final compromise settlement agreement with her insurer. The settlement agreement provided a list of seven jobs which both parties felt were acceptable for South to do, and which were approved as appropriate by a doctor. One of the approved jobs was that of massage therapist. After accepting and signing the settlement agreement, South moved to Seattle in order to begin massage therapist training. Shortly after beginning the program, however, South began to experience worsening back pain, for which she consulted a Seattle area doctor. When her back pain did not abate, South quit the massage training program and returned to Montana.

In 1994, South underwent a third surgery on her back, at the "L4-5" level of the spine. She subsequently petitioned the Workers' Compensation Court to rescind the settlement agreement, alleging that both parties were operating under a mutual mistake of

2

fact when it was signed. After trial, the Workers' Compensation court denied south's petition and declined to rescind the settlement agreement. In so doing, the Workers' Compensation Court pointed out that the current problem area in South's back is different than the area injured in her 1986 on-the-job accident. The Workers' Compensation Court further cited testimony given by South's doctor, who stated that "something new" must have happened around 1991 to cause the re-injury. On this basis, the Workers' Compensation Court found that the parties were not operating under a mutual mistake regarding the nature or extent of South's injuries at the time the settlement agreement was reached. It therefore refused to rescind the settlement agreement, and South appeals.

## ISSUE

Did the District Court err in refusing to rescind the settlement agreement?

## STANDARD OF REVIEW

We review the Workers' Compensation Court's findings of fact to determine whether substantial credible evidence supports the findings. Strickland v. State Comp. Mut. Ins. Fund (Mont. 1995), 901 P.2d 1391, 1393, 52 St.Rep. 962, 963 (citing Wunderlich v. Lumbermen's Mutual Casualty Co. (1995), 270 Mont. 404, 892 P.2d 563). We review the Workers' Compensation Court's conclusions of law to determine whether they are correct. Strickland, 901 P.2d at 1393 (citing Glaude v. State Comp. Mut. Ins. Fund (1995), 271 Mont. 136, 894 P.2d 940).

DISCUSSION

South alleges that the settlement agreement should be set aside because both parties were mutually mistaken regarding the propriety of "massage therapist" as a career for someone who had suffered a back injury. She contends that the settlement agreement should be rescinded because of this mutual mistake. The Workers' Compensation Court, however, found that no mistake had been made regarding the nature or extent of South's injury at the time that the settlement agreement was entered into, and therefore declined to rescind it.

Full and final settlement agreements are contracts and are subject to contract law. Giles v. Bozeman Public Schools (1993), 257 Mont. 289, 292, 849 P.2d 180, 182. A contract may properly be rescinded if the parties were laboring under a mutual mistake regarding a material fact at its inception. Wray v. State Comp. Mut. Ins. Fund (1994), 266 Mont. 219, 879 P.2d 725. "A mutual mistake occurs when, at the time the contract is made, the parties share a common misconception about a vital fact upon which they based their bargain." Mitchell v. Boyer (1989), 237 Mont. 434, 437, 774 P.2d 384, 386 (citations omitted). In order to justify rescission, the mutual mistake must be regarding a fact that is vital to the completion of the contract. Wray, 879 P.2d at 725. Further, it must be "so substantial and fundamental as to defeat the object of the parties in making the contract." Wyman v. DuBray Land Realty (1988), 231 Mont. 294, 298, 752 P.2d 196, 199 (citing Johnson v. Meiers (1946), 118 Mont. 258, 164 P.2d 1012).

4

In the field of Workers' Compensation, the seminal case on rescission for reason of mutual mistake of fact is Kienas v. Peterson (1980), 191 Mont 325, 624 P.2d 1. Kienas was the first in a string of modern cases to apply the principles of general contract law to workers' compensation settlement agreements. In Kienas, a final settlement agreement was set aside because the parties were mutually mistaken regarding the nature and extent of the claimant's injuries at the time the settlement was established. Kienas, 624 P.2d at 3.

Numerous subsequent cases followed the line of reasoning set forth in Kienas. These cases similarly addressed the question of whether a mutual mistake of fact existed regarding the nature or extent of the claimant's injuries at the time of settlement. See Sanford v. Brandon Owens, Inc. (1994), 268 Mont. 8, 885 P.2d 444; Giles, 849 P.2d 180; Wolfe v. Webb (1992), 251 Mont. 217, 824 P.2d 240; Rath v. St. Labre Indian School (1991), 249 Mont. 433, 816 P.2d 1061; Whitcher v. Winter Hardware Co. (1989), 236 Mont. 289, 769 P.2d 1215; Kimes v. Charlie's Family Dining (1988), 233 Mont. 175, 759 P.2d 986; Weldele v. Medley Development (1987), 227 Mont. 257, 738 P.2d 1281. Some were set aside, some were not, but all confined the inquiry solely to whether or not a mutual mistake existed regarding the nature or extent of claimant's injuries. Since workers' compensation settlements by definition involve an injured worker, it is only to be expected that very frequently the alleged mutual mistake would concern the claimant's injury.

The Workers' Compensation Court, however, interpreted the Kienas decision and its progeny to establish that a mutual mistake regarding the nature or extent of the claimant's injury is the only mutual mistake sufficient to set aside a final settlement agreement. Having concluded that no such mistake existed at the time the settlement agreement was formed, the Workers' Compensation Court declined to allow the agreement to be rescinded.

While such a limitation might reasonably be surmised from the Kienas line of cases, it is nevertheless incorrect. The fundamental contract principles which allow for rescission do not support such a narrow application. If a party can show a mutual mistake of any material fact, impacting the contract to such an extent that the intended bargain of the parties is defeated, the contract may be rescinded. Mitchell, 774 P.2d at 386. Nothing in general contract principles justifies the limitation of the mistake doctrine to the nature and extent of the injuries. If a mutual mistake exists in a workers' compensation settlement agreement which would suffice to set it aside under general contract principles, then it should be set aside. Because Kienas and its progeny have their basis in these fundamental principles of contract law, they must not be construed in such a way as to defeat those same fundamental principles.

Moreover, while Montana workers' compensation cases have only addressed rescission for mutual mistake of fact in the context of the claimant's injury, other states have recognized that other types of mutual mistakes may also warrant rescission. The Arizona

6

Court of Appeals set aside a worker's compensation settlement when the parties mistakenly stipulated that the claimant had no loss of earning capacity, when in fact he had. Dutton v. Industrial Com'n of Arizona (Ariz.Ct.App. 1989), 784 P.2d 290. The Minnesota Supreme Court set aside a workers' compensation settlement that mistakenly listed an incorrect date of injury, when the mistake materially affected the claimant's rights under the settlement. Heath v. Airtex Industries (Minn. 1980), 297 N.W.2d 269. As these cases illustrate, the operative question is whether a mutual mistake existed which justified rescission, without limitation to how or when the mistake was made.

We find no error in the Workers' Compensation Court's conclusion that the parties were not mistaken regarding the nature and extent of South's injury at the time the contract was formed. As set out above, however, the inquiry cannot end with that question alone. Accordingly, we do find error in the Workers' Compensation Court's failure to consider South's contention of mutual mistake regarding the propriety of the job approved for her to do.

In South's settlement agreement, seven jobs were set out, with a doctor's approval, as appropriate for her to pursue. One of these jobs was massage therapist. In accordance with the terms of the agreement, South elected to begin massage therapist training in order to pursue the career she had chosen from the approved list. While in training, she re-injured her back, was forced to quit the training program, and subsequently required additional surgery.

7

The Workers' Compensation Court focused on the testimony of South's doctor, who testified that "something new" must have occurred after the settlement agreement to cause the re-injury to her back. Relying on that testimony, the court refused to rescind the agreement, because the occurrence of a re-injury did not necessarily indicate that the parties were mistaken regarding the initial injury when the contract was formed.

The mutual mistake that South alleged, however, was not regarding the injury itself, but rather regarding the propriety of "massage therapist" as a potential career for one who has an injured back. South's doctor testified unequivocally that such a career was entirely inappropriate for someone in South's condition because it involved repeated bending as well as standing for extended periods of time. South contended that both parties mistakenly believed such training to be acceptable at the time the settlement was signed because both parties relied upon the erroneous opinion of the doctor who approved the list of possible jobs.

The Workers' Compensation Court noted that "something new" must have occurred to cause the re-injury. It therefore concluded that the re-injury cannot be related back to the first injury. But South alleged that the "something new" which caused her to re-injure her back was the massage training itself. She contended that it was her good-faith pursuit of an inappropriate job that led to the second injury--a job she never would have attempted if it had not been approved by and included in the settlement agreement.

The insurer argues, however, that even if such a mistake was made, it was not material to the contract because "massage therapist" was only one of seven jobs approved for South to pursue. It contends that South remains free to pursue any of the remaining six jobs, and that rescission is therefore unnecessary and inappropriate.

We are not persuaded that the "massage therapist" job was not material to the contract simply because the contract also included six other jobs which South might have tried instead. What she might have done is entirely irrelevant; what she did was act in conformity with the contract to her detriment. Since, of the seven choices, "massage therapist" was the job she chose, it is entirely material whether she was able to do it or not.

Nor are we persuaded that the contract should not be set aside because it still provides six other jobs South is free to explore. Those jobs were approved after her first injury, but prior to her re-injury; no evidence was presented that any of those jobs would be appropriate now, after the re-injury. In fact, the existing settlement agreement in no way takes into account the ramifications of the re-injury.

At the trial before the Workers' Compensation Court, South's doctor testified that it was more probable than not that the massage training caused her re-injury. The insurer subsequently elicited testimony from the doctor conceding that, hypothetically, any number of events could cause a re-injury to a weakened back, from coughing to mowing the lawn. But these hypothetical scenarios

cannot overcome South's allegation that the massage **training caused** the re-injury, coupled with the doctor's testimony that the training more likely than not was the cause of it.

South alleged a mutual mistake regarding the propriety of including "massage therapist" as a possible career for someone with a back injury. She further alleged that her attempt to pursue this career, in conformity with the settlement agreement, caused her to re-injure her back. The Worker's Compensation Court was presented with uncontroverted testimony that such a career is in fact inappropriate and that it more likely than not caused South's re-injury.

We hold that both parties, at the time of the contract, mistakenly believed "massage therapist" to be an appropriate job for South to pursue. We further find that the inclusion of "massage therapist" as a job option was a material part of the contract at issue, because that was the option that South did in fact pursue. Because both parties, at the time of the contract, were mutually mistaken regarding a material fact, South is entitled to rescission of the settlement agreement.

The settlement agreement is set aside.

_____
                        Justice

We Concur:


_____
        Chief Justice


10

_____

Justices

Justice Charles E. Erdmann dissenting.

I respectfully dissent. I agree with the majority's determination that the Workers' Compensation Court did not err when it concluded that the parties were not mistaken in regard to the nature and extent of South's injury at the time the settlement agreement was entered into. I disagree, however, with the majority's conclusion that the parties were mutually mistaken in regard to the massage therapist position

The majority states that the Workers' Compensation Court failed to consider South's contention of mutual mistake regarding the residual labor market issue. In fact, the Workers' Compensation Court made both factual findings and conclusions of law specifically addressing this issue. The relevant factual findings are as follows:

> 18. Dr. Moseley testified that with the exception of the masseuse position the claimant is presently capable of performing all the jobs previously approved by Dr. Shaw.

> 19. The claimant testified that she would not have agreed to the 1990 settlement if she had known she would be unable to work as a masseuse. She did not, however, tell Transportation or its adjuster that her acceptance of the settlement was conditioned on the masseuse position. Moreover, I did not find her testimony in this regard credible.

> **20. Claimant** has failed to persuade me that there was any mistake concerning her ability to perform the job of masseuse. As Dr. Moseley testified, "something new" occurred in 1990 or 1991 which affected the claimant's spine at L4-5 level and worsened her condition. The Court is not persuaded that claimant would have been unable to work as a masseuse absent the additional occurrence.

12

21. Claimant has also failed to persuade me that the masseuse position was material to the settlement agreement. Dr. Shaw approved several jobs and, with the exception of masseuse, she can still perform those jobs. Claimant's ability to perform several jobs was material to the agreement and she can still do so.

Conclusion of Law No. 3 reads as follows:

3. The claimant also contends that a mutual mistake of material fact exists as to the parties' understanding of her residual labor market. The contention fails for two reasons. First, claimant has failed to persuade me that her inability to work as a masseuse is due to her original injury. Second, even if the parties were mistaken as to the appropriateness of the masseuse position, the settlement was not based on that particular position but rather on the approval of several positions, only one of which is now deemed inappropriate. With the exception of the masseuse position, the claimant has the same residual market now as at the time of settlement. While she now asserts that she would not have entered into the settlement had she known that [she] could not work as a masseuse, she never communicated that fact to Transportation. Moreover, the Court is not persuaded that she would have in fact refused the settlement had the position been disapproved by Dr. Shaw.

This Court has reopened workers' compensation settlements, but has done so rarely and reluctantly. See Whitcher v. Winter Hardware Co. (1989), 236 Mont. 289, 769 P.2d 1215. It is well established that this Court will not overturn the findings and conclusions of the Workers' Compensation Court where there is substantial evidence to support them. Laber v. Skaggs Alpha Beta (1991), 247 Mont. 172, 175, 805 P.2d 1375, 1377. Nor will this Court substitute its judgment for that of the Workers' Compensation Court as to the weight of evidence on questions of fact. EBI/Orion Group v. State Comp. Mut. Ins. Fund (1991), 249 Mont 449, 452, 816 P.2d 1070, 1072. Even though conflicting evidence may exist in the

13

record, it is the duty of the Workers' Compensation Court, and not this Court, to resolve such conflicts, particularly when such decisions involve credibility of witnesses and live testimony. Smith v. United Parcel Service (1992), 254 Mont. 71, 75, 835 P.2d 717, 720.

To establish the element of mutuality, South testified that she would not have entered into the agreement if the **masseuse** position had not been approved. The Workers' Compensation Court specifically found South's testimony in this regard not to be credible. South also testified that she did not inform the insurer or its adjuster of this condition so it is impossible to establish that the insurer was even aware of South's unilateral expectation.

South was approved for seven different positions. She selected one of those positions and was ultimately unable to complete the training. Now, rather than accept one of the six remaining positions, she essentially argues that the agreement was for the masseuse position or nothing. In agreeing with South's argument, the majority has ignored the essence of the agreement and has rewritten its terms. The fact that South cannot perform one of seven positions for which she was approved is not material to the overall contract.

I note that the majority properly cites the standards of review we use in appeals from decisions of the Workers' Compensation Court, which are whether that court's findings are supported by substantial evidence and whether its conclusions are

14

correct.  Unfortunately, the majority then completely ignores and fails to apply those standards to the decision before us.

The majority's substitution of its judgment for that of the fact finder is evidenced by the statement: "We are not persuaded that the 'massage therapist' job was not material to the contract" (emphasis added), in derogation of the Workers' Compensation Court's specific findings that it was not persuaded the job was material, based in large part on its credibility finding regarding South.  Similarly, the majority "finds" that the job was a material part of the contract, in direct contravention of the Workers' Compensation Court's findings relating to that issue.

There was substantial evidence to support the Workers' Compensation Court's conclusion that there was no "mutual" mistake in regard to the masseuse position since the agreement was not conditioned on South's ability to ultimately qualify for that particular position.  The Workers' Compensation Court correctly concluded that there was no mistake as to a "material" fact, since the agreement approved seven positions from which South could choose.  She can still choose from six of the positions and there is no legal basis on which to rescind the settlement agreement. I would affirm the Workers' Compensation Court

_____
Justice

15

**Chief Justice J. A.** Turnage **and Justice** Karla M. Gray join in the foregoing dissenting opinion.

_____
Chief Justice

_____
Justice

16