JUSTICE GRAY,
concurring and dissenting.
I concur in the Court’s opinion on issues two and three and respectfully dissent from that opinion on issue one, which is whether substantial credible evidence supports the Workers’ Compensation Court’s finding that Larson had a reasonable prospect for employment within his normal labor market, thus precluding him from receiving permanent total disability benefits. The Court’s conclusion that substantial evidence does not support the finding marks the second time in one month that this Gourt has mouthed the correct standard of review regarding findings by the Workers’ Compensation Court and then proceeded to substitute its judgment for that of the trier of fact with regard to weighing the evidence and determining the credibility of the witnesses. See South v. Transportation Insurance Co. (1996), [275 Mont. _], 913 P.2d 233. I cannot join in this course of action which demeans the careful work and proper role of the Workers’ Compensation Court in order to achieve the result this Court prefers.
Our standards of review are clear and, at least in principle, unwavering. In reviewing findings of the Workers’ Compensation Court, we determine whether those findings are supported by substantial credible evidence. Wilson v. Liberty Mut. Fire Ins. (1995), 273 Mont. 313, _, 903 P.2d 785, 787 (citation omitted). Substantial evidence is more than a mere scintilla of evidence, but it may be less than a preponderance of the evidence. Wilson, 903 P.2d at 787 (citation omitted). We will not substitute our judgment for that of the trier of fact where the issue relates to the weight given to certain evidence or the credibility of the witnesses. Wilson, 903 P.2d at 787 (citations omitted). Our standard is not whether the evidence supports findings different from those made by the Workers’ Compensation Court. Wilson, 903 P.2d at 788 (citations omitted).
Notwithstanding these clear standards, and the Court’s enunciation of them, even a casual reading of the record in this case — including the Workers’ Compensation Court’s findings — establishes that this Court has merely located evidence which supports findings contrary to those it is reviewing, reweighed all the evidence and reached the result it desires. I cannot agree.
This Court concludes that substantial credible evidence does not support a finding that Larson had a reasonable prospect for employment following his 1981 hernia injury. That conclusion is incorrect. *296 The Workers’ Compensation Court relied in part on Dr. Kobold’s testimony. Dr. Kobold specifically testified that, as of 1982, he would have approved Larson working at a general salesperson position with a maximum 20-pound lifting requirement.
The Workers’ Compensation Court also relied extensively on Juanita Hooper’s testimony, which it specifically found to be persuasive and, thus, credible. Ms. Hooper testified that Larson has transferable skills with which he is qualified to perform general retail sales and telemarketing jobs which involve minimal lifting and which are commonly available in the normal job market. She further testified that, with job placement assistance, Larson has had a reasonable prospect for employment since 1982 and, with rehabilitation support services, he has had at least an “average” prospect of employment since that time. Thus, contrary to this Court’s opinion, the record is clear that far more than “substantial” credible evidence supports the Workers’ Compensation Court’s finding that Larson had a reasonable prospect of employment following his 1981 hernia injury.
Nor do I agree with the Court’s statement that the Workers’ Compensation Court did not determine whether Larson carried his burden under the Metzger test. The court observed that Larson based his odd-lot employee argument on his heart condition and that it was necessary to factor that condition out of the disability determination to be made in this case. The court then observed that, in any event, the odd-lot doctrine did not add anything to Larson’s case “since, through testimony of his vocational counselor (JoAnn Gordon) and other evidence, he presented a prima facie case for permanent total disability.” It is my view that this clearly constitutes a determination that Larson carried his burden under Metzger regarding his hernia condition; indeed, Ms. Gordon testified specifically that her conclusions were based solely on Larson’s hernia condition. The Workers’ Compensation Court then properly addressed the employer’s Metzger burden, determining that “Cigna has satisfied its burden of proof both by producing evidence and by persuading me that claimant was employable despite his industrial accident. Juanita Hooper’s and Dr. Kobold’s testimony are persuasive concerning claimant’s ability to work in spite of his hernia.”
This Court concedes that “two rehabilitation counselors and two physicians offered testimony on Larson’s prospect of finding regular employment in his normal labor market.” As set forth above, the Workers’ Compensation Court was persuaded by the testimony of Ms. Hooper, one of the rehabilitation counselors, and Dr. Kobold, one of *297 the physicians, that Larson had a reasonable prospect of securing employment in the positions identified by Ms. Hooper and within the limitations placed by Dr. Kobold. Given such a record, this Court’s determination that substantial credible evidence does not support the Workers’ Compensation Court’s finding about Larson’s reasonable prospects for employment can be explained only by reference to the fact that it changes the result in this case.
Finally, this Court makes several references to the fact that Larson did not receive the rehabilitation services Ms. Hooper testified would significantly increase his prospects for employment. The reason Larson did not receive the services is that he did not seek them. Even this Court observes in passing that Larson did not seek employment after being laid off in December of 1981 — he “considered himself to be retired.” Yet, somehow, the Court places the “blame” for Larson’s perception of himself as in retirement, and his failure to seek either employment or rehabilitative or job placement services, on the employer.
Substantial credible evidence supports the Workers’ Compensation Court’s finding that Larson had a reasonable prospect for employment and its conclusion, on that basis, that he is not entitled to permanent total disability benefits. I would affirm the Workers’ Compensation Court.
CHIEF JUSTICE TURNAGE and JUSTICE ERDMANN, join in the foregoing concurring and dissenting opinion of JUSTICE GRAY.