No. 00-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 14N

CHARLES ROLLINS,

Petitioner and Appellant,

v.

LIBERTY NORTHWEST INSURANCE,

Respondent/Insurer and Respondent,

and

BRUCE WALTER TRUCK SERVICES, INC.,

Respondent and Respondent.

APPEAL FROM: Workers' Compensation Court, State of Montana

The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Randall O. Skorheim; Skorheim Law Office, Great Falls, Montana

For Respondent:

Larry W. Jones, Senior Attorney, Liberty Northwest Insurance Corporation, Missoula, Montana

Submitted on Briefs: November 2, 2000
Decided: February 15, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Workers' Compensation Court denied Charles Rollins' claim to reopen his settlement agreement with his employer and for permanent total disability benefits. Rollins appeals. We affirm.

¶3 The dispositive issue is whether the Workers' Compensation Court erred in finding that Rollins was not permanently and totally disabled as a result of his June 1, 1995 injury.

¶4 As a workers' compensation claimant, Rollins bore the burden of proving he was permanently totally disabled. *Dumont v. Wickens Bros. Const. Co.* (1979), 183 Mont. 190, 201, 598 P.2d 1099, 1105. Rollins asserts that his testimony, along with that of his vocational counselors and one of his treating physicians, constituted substantial credible evidence that he was permanently and totally disabled and that the Workers' Compensation Court ignored his evidence.

¶5 Our standard of review of the Workers' Compensation Court's findings of fact is whether they are supported by substantial credible evidence. *Wilson v. Liberty Mut. Fire Ins.* (1995), 273 Mont. 313, 317, 903 P.2d 785, 787-88. Our standard is not whether sufficient evidence exists to support findings which were not made. Where there is conflicting evidence in the record, this Court will not substitute its judgment for that of the trial court in resolving those conflicts. *Smith v. United Parcel Service* (1992), 254 Mont. 71, 75, 835 P.2d 717, 720.

¶6 Rollins' subjective testimony about the extent of the pain he continued to suffer in his leg as a result of his work injury would support a finding that he was permanently and totally disabled. Rollins' testimony was contradicted, however, by six surveillance

videotapes introduced into evidence by his employer's workers' compensation insurer. The Workers' Compensation Court found, based on its review of the entire record and its observation of Rollins' demeanor at trial, that Rollins had exaggerated and misrepresented his pain and disability to physicians, vocational counselors, and the court. The court found credible the opinions of two physicians and a vocational counselor who testified that Rollins was physically capable of working full time and identified jobs he was capable of performing.

¶7 We conclude that the Workers' Compensation Court's findings that Rollins was not permanently and totally disabled as a result of his June 1, 1995, injury are supported by substantial credible evidence. Having done so, it is unnecessary for us to address Rollins' second argument on appeal, premised on a successful resolution of the first, that there was a mutual mistake of fact as to the extent of his disability when he entered into a settlement agreement with the insurer.

¶8 Affirmed.

/S/ KARLA M. GRAY

We Concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART